Patricia WASESCHA, Plaintiff and
Appellant,

v.

LaMar S. WASESCHA, Defendant
and Respondent.

No. 14202.

Supreme Court of Utah.

April 9, 1976.

Joseph J. Palmer and Jeffrey N.
Clayton, of Moyle & Draper, Salt Lake
City, for plaintiff-appellant.

Bryce E. Roe, of Roe & Fowler, Salt
Lake City, for defendant-respondent.

HENRIOD, Chief Justice:

Appeal from a judgment denying relief
on the occasion of an order to show cause
why a defendant father should not be re-
quired to pay to his ex-wife accrued child
support,—to which the defendant father
pleaded a valid contract of settlement
therefor, and/or an equitable estoppel or
waiver thereof. Affirmed with no costs
awarded.

The trial judge obviously believed that
part of controverted evidence, reflected in
the record, which supported his conclusion,
—and we are constrained to go along.

The Waseschas married in 1953, to
which joinder five children were born. In
1965 a divorce ensued,—and taking the evi-
dence even in a light more favorable to the
loser's (Mrs. W's) urgence on appeal,—
which is an upside-down appellate applica-
tion of the rule on appeal, we cannot con-
clude other than that the principle of es-
toppel claimed by defendant and espoused
in *Larsen v. Larsen*[1] is dispositive here,
on the following abstracted facts,—not un-
favorable, it would seem, to ex-Mrs. W:

She was awarded custody of the chil-
dren, with a support award. Since Sep-
tember, 1970, Mr. W has paid no support
save for one of the children, who was
somewhat ungovernable, who in March,
1970, went to live with his grandma, later
with Mr. W, and later in a foster home.
Mrs. W says that Mr. W's claim that in an
October, 1970, conversation, she would
forego all support money for all the off-

[1] 5 Utah 2d 224, 300 P.2d 596 (1956), in
which this author dissented, not because of
disagreement of the principle—but that the
facts did not respond to its application.

spring is a lie, but that she, in her brief, "asked" Mr. W "to leave her and her family situation alone for the time being." Other controversions controvert the controversions,—but "dealt only with future support,"—and not "as to past due amounts,"—which is the language of Mrs. W's brief. Her testimony and continued contention in her brief was that *"this was not an action to reimburse herself or her husband* (second,—one Moress) for support rendered to the children" and "that *if* a recovery were made, *all sums would be placed in trust for the benefit of the children to help them with further education or living, whatever their needs may be."*

Such a position, conceded by Mrs. W, sounds to us like an admission that the children were supported by her and her new husband under perhaps unusual circumstances, but unaccompanied with hunger, housing or humiliation.

 There is no prayer for reimbursement for past support under such conditions, but there seems to be an admission that the children's right to support amply was supplied by someone, which would eliminate their claim for support or, if you please, double support, and which admissions would seem to be an abandonment of a parent's claim for reimbursement, and certainly an estoppel to assert an antithetical claim for past child support,—unless a case were instituted refutedly to assert the children's right to support, which, of course, is theirs, but seems not to be the case extant here. (See cases cited herein.)

We think that the facts of this case comport favorably with the decision of the trial court and principles enunciated in the whorl of debatable wisdom espoused in *Larsen v. Larsen* (supra), *Price v. Price,*[2] *Baggs v. Anderson,*[3] and others. Each case hangs on a spider thread of that which the spider thinks is right to spin. One thing certain: The right to barter away a child's claim to support is not a commodity in the market overt, but if that claim has been satisfied by one not claiming reimbursement nor by one claiming the children were denied the right, it is no longer subject to double sale by double talk or flight from equity.

CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

ELLETT, J., dissents.

**2.** 4 Utah 2d 153, 289 P.2d 1044 (1955).     **3.** 528 P.2d 141 (Utah 1974).