Robert B. HANSEN, guardian ad litem for Beverly Gossett, an Incompetent, Plaintiff and Appellant,

v.

William P. GOSSETT, Defendant and Respondent.

No. 15471.

Supreme Court of Utah.

Feb. 5, 1979.

Robert B. Hansen, Atty. Gen., Salt Lake City, for plaintiff and appellant.

Gary L. Gale, Ogden, for defendant and respondent.

HALL, Justice:

Plaintiff appeals from a judgment denying an award of alimony and support alleged to have accrued under a foreign (California) decree of divorce.

The record supports the following abstract of facts: The parties were divorced in 1949 and the decree awarded custody of the minor children to plaintiff and required defendant to pay $75 per month as alimony and $25 per month as support for each of the children. In 1959, the Superior Court of San Joaquin County, California, declared plaintiff incompetent. She was subsequently institutionalized and she remains so at the present time, hence the necessity for her appearance herein by her Guardian Ad Litem, Robert B. Hansen, who is also her brother and is an attorney licensed in California and Utah. The children were residing with their maternal grandmother, Katherine Hansen, in 1962 when defendant took their "custody." No formal modification of the decree was sought, but the change of "custody" was with the express (written) consent of Robert B. Hansen "as brother and attorney" for plaintiff, and with the apparent consent of the remainder of plaintiff's family. The children resided with, and were supported by, defendant for some two years thereafter until the said Katherine Hansen again took the children to reside with her. They remained with her until all reached majority, except one of them resided with, and was supported by, defendant for some three years of that time. The State of California has supported plaintiff all during the time of her institutionalization, and during that same period of time plaintiff has contributed nothing toward the monetary support of the children. Defendant purchased and paid the premiums on a $50,000 policy of insurance on his life, naming Katherine Hansen and Robert B. Hansen as three-tenths and one-tenth beneficiaries, respectively, which he contends was in settlement of all claims, past, present, and future, for alimony and support. Plaintiff's contention to the contrary is that the policy was only a means of insuring reimbursement to Katherine Hansen of her expenditures for the support of the children and in lieu of court action to enforce the terms of the decree. Plaintiff's complaint and supplemental complaint contains no demand for attorney fees. That issue was not presented to the trial court, and is raised for the first time on this appeal.

The trial court determined: (1) that plaintiff was not entitled to any award for child support or alimony; (2) that defendant should establish and pay into a special trust account the sum of $75 per month, retroactive to June, 1973, said account to be paid over only to the State of California should it lay claim for reimbursement of its expenses in maintaining plaintiff, and if not, and upon plaintiff's death, then to be disbursed to defendant; (3) that the parties had agreed that the $50,000 life insurance policy was in lieu of support and alimony due plaintiff or Katherine Hansen, and that such is a bar to further proceedings; furthermore, that plaintiff and her guardian ad litem are not entitled to any support or alimony whatsoever, and that defendant is required to maintain said insurance policy for the rest of his life, Katherine Hansen's and Robert B. Hansen's present interest

therein as beneficiaries to remain vested; and (4) that no attorney fees be awarded.

Plaintiff's appeal is based principally upon insufficiency of the evidence to support the judgment and defendant's cross-appeal challenges the authority of the trial court to establish a trust account in favor of the State of California, it not being a party to the action.

The facts of this case present a loose family arrangement devised to meet the support needs of children of divorce compounded by the illness of their mother. Although the plan has now gone awry, the basic needs of the children were met and all of them have now reached majority.

Plaintiff, by her incompetency, was precluded from personally contributing to the support of the children, and although Robert B. Hansen purported to represent her interests both as brother and attorney, no general guardian was ever appointed to stand in her place and stead. Therefore, defendant took the children to reside with him, and thereafter, enlisted the aid and assistance of his mother-in-law, Katherine Hansen, in the support of the children and made some nebulous insurance arrangement to in some way compensate her for her efforts and expenditures directed to said support of the children.

In the meantime, the State of California has apparently shouldered the total burden of the support of plaintiff during her long years of incompetency, and continues to do so presently.

It may well be that Katherine Hansen has been the major source of the children's sustenance, as has been the State of California in respect to the needs of plaintiff; however, neither of them are before the Court as parties seeking reimbursement. Consequently, their claims, if any they have, cannot be adjudicated in this proceeding, and it was error for the trial court to consider them. We discuss that matter in further detail infra.

■ Turning now to the propriety of the trial court's denial of an award for part child support to plaintiff, we sustain that ruling, but on an entirely different ground than that stated by the trial court. The trial court concluded that no such award was warranted since plaintiff had agreed with defendant to accept the insurance policy on defendant's life in lieu of any and all future contributions of support and alimony on his part. Inasmuch as plaintiff has remained incompetent at all times pertinent to these proceedings, and has had no representation by a general guardian, we cannot perceive how she can in any way.be bound by whatever arrangement defendant may or may not have made with others for her support or that of her children.

We sustain the trial court on the issue of child support on the following basis.

■ The right to child support is a right of the children themselves. Where support is sought by one who neither provided the support, nor claims the children were denied the right of support, there can be no recovery.[1]

■ We determine that this is just such a case, for plaintiff concedes that she has not supported the children during her incompetency and she makes no claim for reimbursement. As noted supra, any claim Katherine Hansen, or others, may have for reimbursement is not before us since they are not parties hereto.

In regard to the trial court's denial of any alimony, we treat that issue jointly with that succeeding portion of the court's judgment which requires the establishment of a trust account.

Defendant urges upon us that the denial of alimony is totally inconsistent with the establishment of a trust account in monthly sums identical to those provided as alimony in the decree of divorce, retroactive to June, 1973. We are inclined to agree.

1. *Wasescha v. Wasescha,* Utah, 548 P.2d 895 (1976); see also, *Mason v. Mason,* 148 Or. 34, 34 P.2d 328 (1934).

■ Just as in regard to the issue of child support, the trial court concluded (although erroneously) that plaintiff had bargained away her right to alimony in return for benefits under a life insurance policy. Consequently, a *direct* award of alimony was denied yet an *indirect* award thereof was made by virtue of the order requiring the establishment of a trust account for the exclusive benefit of the State of California. We so construe the order, for if any obligation exists on the part of the defendant for the care furnished plaintiff by the State of California it must arise out of the terms of the decree pertaining to alimony, unless he has directly so obligated himself in a way not evident here.

■ Inasmuch as the State of California is not a party to this proceeding, its right to reimbursement for plaintiff's support may not be litigated herein, and it was error for the trial court to enter an order designed for its exclusive benefit.

■ What has been said heretofore serves to resolve plaintiff's point on appeal pertaining to the life insurance policy in her favor. We further conclude that the trial court erred in ruling that plaintiff agreed to accept the policy of life insurance in lieu of past, present, and future support and alimony and that the same is a bar to any claims Katherine Hansen may have to reimbursement. We also conclude that the trial court erred in requiring defendant to maintain the policy of life insurance during the remainder of his life.

■ Since the issue of attorneys' fees was not presented to the trial court, the well-recognized rules of appellate review preclude our treatment of that issue for the first time on appeal, and we therefore decline to do so.

We reverse the judgment of the trial court as it pertains to the denial of an award of alimony and remand with instructions to determine whether an alimony arrearage exists under the terms of the California decree and if there is an on-going need for the payment of future alimony, and what defendant's present ability is to pay alimony. We also reverse that portion of the judgment which bars Katherine Hansen from asserting any claim she may have against defendant, and also that portion of the judgment that requires defendant to maintain the life insurance policy during his lifetime.

In all other respects the judgment is affirmed. No costs awarded.

CROCKETT, C. J., and MAUGHAN and WILKINS, JJ., concur.

STEWART, J., does not participate herein.