**STATE of Utah, By and Through UTAH STATE DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Appellant,**

v.

**Gregor SUCEC and Jennifer Hansen, Defendants.**

**Child Support Enforcement Co., Intervenor and Appellee.**

**Pamela S. CARLSON (Hall), and State of Utah, By and Through Utah State Department of Social Services, Plaintiffs and Appellants,**

v.

**Randy Devern CARLSON, Defendant.**

**Child Support Enforcement Company, Intervenor and Appellee.**

Nos. 950205, 950493.

Supreme Court of Utah.

Sept. 24, 1996.

Jan Graham, Atty. Gen., Annina M. Mitchell, Billy L. Walker, Jr., Asst. Attys. Gen., Salt Lake City, for Department of Social Services.

Douglas C. McDougal, Stacie M. Smith, Salt Lake City, for Child Support Enforcement.

RUSSON, Justice:

The State of Utah, through the Office of Recovery Services of the Department of Human Services (ORS), appeals from two trial court orders granting two motions to inter-

vene by Child Support Enforcement Company (CSE), a private collection agency.[1] CSE seeks to intervene in two separate paternity actions to enforce the assignments for past-due child support which CSE had secured from the custodial parent in each case. We affirm.

## I. BACKGROUND

These cases were consolidated on appeal. Each case involves the enforcement and collection of past-due child support. At all times relevant to this decision, the noncustodial parents in each case were ordered by the trial court in a paternity action to pay child support to the custodial parents for the support of their minor children. During extended periods, each of the noncustodial parents failed to fulfill this obligation.

At various times, the custodial parents, Jennifer Hansen and Pamela Carlson, and their children received Aid to Families with Dependent Children (AFDC)[2] benefits from the State of Utah. Hansen received AFDC benefits from March 1989 to January 1992, from August 1993 through February 1994, and again beginning in August 1994. Carlson received AFDC benefits intermittently from 1977 through December 1989, from June 1993 to July 1993, and from June 1994 through November 1994.

Each time they reapplied for AFDC assistance and as a condition of their eligibility for AFDC benefits, Hansen and Carlson were required to assign to ORS their entitlement to past-due and ongoing child support. The assignments made by Hansen and Carlson to ORS were required by 45 C.F.R. § 232.11, which dictates that each state participating in the AFDC program must require that "[a]s a condition of eligibility for assistance, each

applicant for or recipient of AFDC shall assign to the State any rights to support ... which have accrued at the time such assignment is executed." Utah has complied with and codified this requirement in section 62A–9–121(1)(a) of the Utah Code, which provides, "The department [of Human Services] shall obtain an assignment of support from each applicant or recipient regardless of whether the payment is court ordered."

The requirement of an assignment is further subject to the limitations of 45 C.F.R. § 302.51(f), which provides that an approved state plan for the implementation of the AFDC program shall contain the requirement that "[w]hen a family ceases receiving assistance under the [AFDC program], the assignment of support rights under § 232.11 ... terminates, except with respect to the amount of any unpaid support obligation that has accrued under such assignment."

Under the authority of these provisions, ORS drafted the written assignment which both Hansen and Carlson signed as a condition of their eligibility for AFDC benefits. These written assignments to ORS state that the assignments include all child support "due or to become due me or my child[ ]."

During certain periods of time Hansen and Carlson did not receive AFDC benefits, nor did they receive child support from the noncustodial parents. For these periods, Hansen and Carlson assigned their past-due child-support claims to CSE, a private collection agency. Hansen's assignment to CSE encompassed the period of March through July 1994. Carlson's assignment to CSE encompassed the period of January 1, 1990, through May 30, 1993. Both Hansen and Carlson resumed receiving AFDC benefits following the period of their respective assignments to CSE.

---

**1.** These cases were certified by the Court f Appeals pursuant to rule 43 of the Utah Rules of Appellate Procedure, which provides, "In any case over which the Court of Appeals has original appellate jurisdiction, the court may, upon the affirmative vote of four judges of the court, certify a case for immediate transfer to the Supreme Court for determination." Utah R.App.P. 43(a).

**2.** The AFDC program was created by Title IV–A of the Social Security Act, 42 U.S.C. §§ 601–17. The program provides monetary assistance to

families with children who are deprived of parental support due to the death, disability, or absence of a parent and who meet certain criteria with regards to economic need. As a condition of participation in the program, Title IV–A requires states to develop a plan for the distribution of AFDC benefits. Utah administers this program pursuant to Title 62A, chapters 9 and 11 of the Utah Code. In 1975, Congress enacted Title IV–D of the Social Security Act, 42 U.S.C. §§ 651–60, which operates in conjunction with Title IV–A and requires participating states to establish comprehensive programs for child support enforcement and determination of paternity.

These cases arose in 1978 and 1985 when Carlson and Hansen, respectively, through the State Department of Social Services, initiated paternity actions against the noncustodial parents. In each case, CSE filed a motion to intervene as a party to enforce the assignments it had secured from Hansen and Carlson. In each case, the district court granted the motion, ordered intervention, and entered a final judgment in CSE's favor for the past-due child support covered by the assignment.

ORS moved to set aside the intervention orders and the judgments thereunder, but the district court upheld the interventions and the judgments on nearly identical grounds. Namely, it held that past-due child support is assignable to private collection agencies and that the prior assignment to ORS does not preclude the later assignment to CSE.

ORS raises four issues on appeal: (1) whether past-due child support is assignable to private collection agencies such as CSE, (2) whether the trial court erred in granting CSE's intervention in the underlying paternity actions to enforce its assignments, (3) whether the earlier assignment by the custodial parents to ORS precludes the later assignment to CSE, and (4) whether assignment of past-due child support to private collection agencies is preempted by state and federal legislation governing child-support collection by ORS.

ORS argues that past-due child support is not assignable as a matter of law because of the special nature of the child-support debt. ORS asserts that past-due child support belongs to the child and cannot be assigned or bartered away by the custodial parent. ORS also contends that even if an assignment of past-due child support is generally permissible, the CSE assignment is not a true assignment, but an assignment for collection only, and as such does not entitle CSE to intervene in the underlying paternity action.[3] Furthermore, ORS asserts that the earlier assignment by the custodial parents to ORS

encompassed those periods during which the custodial parents no longer received AFDC and thus precluded the later assignments for the same periods to CSE. Finally, ORS argues that common law assignment of past-due child support is preempted by the comprehensive statutory scheme governing child-support collection under the AFDC program.

In response, CSE argues that the right to past-due child support belongs to whoever provided the support when the absent parent did not and is assignable like any other debt. CSE acknowledges that its assignment is not a true assignment but contends that its assignment for collection entitles CSE to intervene in this paternity action. CSE also asserts that the ORS assignment terminated when the custodial parents ceased receiving AFDC benefits and thus did not encompass the periods after the termination of benefits. Thus, CSE asserts that the ORS assignment and the CSE assignment encompass two entirely different claims for past-due child support and so neither one is precluded by the other. Finally, CSE argues that the AFDC statutory scheme does not govern child-support collection during periods when the custodial parent does not receive AFDC benefits and thus does not preempt common law assignment for such periods.

## II. ANALYSIS

### A. Assignment of Past–Due Child Support

■ We first address whether past-due child support is assignable to private collection agencies such as CSE. We review the trial court's resolution of this question of law nondeferentially for correctness. *Ong Int'l (U.S.A.) Inc. v. 11th Ave. Corp.*, 850 P.2d 447, 452 (Utah 1993).

■ Debts are generally subject to discharge, negotiation, or settlement. *Baggs v. Anderson*, 528 P.2d 141, 143 (Utah 1974). However, there is an exception to this general rule when the debt is for child support. A child's right to support "is not subject to

---

**3.** ORS argues that CSE is not entitled to intervene as of right because its assignments were not "true assignments" but were for collection purposes only. However, as discussed in section II.B, we analyze CSE's intervention as a request for permissive intervention, and as such, the nature of the assignments in these cases is not at issue. We note, however, that both parties describe the assignments as "assignments for collection," and therefore, throughout our analysis we assume without deciding that they are assignments for collection purposes only.

being bartered away, extinguished, estopped or in any way defeated by the agreement or conduct of the parents." *Hills v. Hills,* 638 P.2d 516, 517 (Utah 1981). Although child support is payable to the custodial parent, the right to child support belongs to the child. *Id.; Hansen v. Gossett,* 590 P.2d 1258, 1260 (Utah 1979); *Gulley v. Gulley,* 570 P.2d 127, 129 (Utah 1977); *Wasescha v. Wasescha,* 548 P.2d 895, 896 (Utah 1976); *Baggs,* 528 P.2d at 143.

■ In *Baggs,* we recognized that child-support obligations fall into two distinct categories. 528 P.2d at 143. Current and ongoing support belongs to the child and cannot be bartered away or assigned. *Id.* However, a claim for past-due child support creates a right to reimbursement which belongs exclusively to the person who provided the support. *Id.* The existence of a past-due child-support obligation means that someone else was forced to support the child in the absent parent's stead. Because such past-due child-support claim does not belong to the child, the exception to the general rule no longer applies. Therefore, the past-due child-support claim "is subject to negotiation, settlement, satisfaction or discharge in the same manner as any other debt." *Id.*

■ This reasoning logically extends to the assignment of past-due child-support claims. Because such claims do not belong to the child, the child will suffer no loss by the assignment of the debt. Because the right to reimbursement belongs to the person who provided the support, that person is free to assign the debt, just as she is free to discharge, settle, or negotiate the debt.

We conclude that a debt for past-due child support is assignable by the person who provided the support to a private collection agency. Accordingly, we hold that the trial

court did not err in finding that the custodial parents in these cases could assign their past-due child support claims to CSE.[4]

## B. Intervention

■ Next we address whether the trial court erred in granting CSE's intervention in the underlying paternity actions to enforce its assignments for past-due child support.

In its motion to intervene, CSE did not explicitly state whether it was requesting mandatory intervention under rule 24(a) of the Utah Rules of Civil Procedure[5] or permissive intervention under rule 24(b). However, by the wording of its motion, it is clear that CSE was requesting the latter.

Rule 24(b) states in relevant part:

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the *main action have a question of law or fact in common ....* In exercising its discretion the court shall consider whether the intervention will *unduly delay or prejudice the adjudication of the rights of the original parties.*

(Emphasis added.)

CSE's motion in each case stated that it is entitled to intervene because "CSE[ ]'s claim and the main claim have common questions of fact or law" and "CSE[ ]'s intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." The language of CSE's motion to intervene plainly mirrors that of rule 24(b), which governs permissive intervention. Therefore, in analyzing this issue, we assume that CSE was requesting permissive intervention.

---

**4.** ORS argues that allowing a parent to assign past-due child support may result in an unwitting custodial parent's complete loss of past-due support due to discharge in bankruptcy. As we previously noted, both parties have stipulated that the assignments in question are for collection purposes only. While the issue of whether assignments for collection are dischargeable in bankruptcy is not before us, we note that the United States District Court for the District of Utah has held that this type of assignment is not dischargeable in bankruptcy. *See Smith v. Child Support Enforcement,* 180 B.R. 648, 653 (D.Utah 1995).

**5.** Rule 24(a) provides that a party

shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

A trial court's grant of intervention pursuant to rule 24(b) involves the discretion of the trial court, and we will not overturn its ruling absent a clear abuse of discretion. Utah R.Civ.P. 24(b); *Republic Ins. Group v. Doman*, 774 P.2d 1130, 1131 (Utah 1989).

Under rule 24(b), a trial court may allow intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Utah R.Civ.P. 24(b). In both of these cases, CSE's assignments for collection clearly have both questions of law and fact in common with the underlying paternity actions. In fact, CSE's assignments are predicated upon the child-support orders in the underlying paternity actions. Furthermore, while ORS has presented hypothetical arguments as to the untoward consequences of permitting assignments of past-due child support—including complications in proceedings and increased litigation costs as a result of third-party interventions—it has not specifically argued with respect to these cases that any actual harm or undue delay would result from CSE's intervention. These hypothetical arguments are insufficient to show abuse of discretion with respect to the trial court's grant of intervention pursuant to rule 24(b)(2). Accordingly, we hold that the trial court did not abuse its discretion in granting CSE's motions to intervene.

### C. Preclusion of CSE Assignment by ORS Assignment

Next we address whether the assignments by the custodial parents to CSE are precluded by their earlier assignments to ORS. In these cases, the written assignments to ORS which were signed by Hansen and Carlson stated that the assignments included all child support "due or to become due me or my child[ ]."

The assignments ORS secured from Hansen and Carlson are authorized and required by 45 C.F.R. § 232.11, which provides in pertinent part, "As a condition of eligibility for assistance, each applicant for or recipient of AFDC shall assign to the State any rights to support ... which have accrued at the time such assignment is executed." Utah has complied with and codified this require-

ment in section 62A–9–121(1)(a) of the Utah Code, which provides, "The department shall obtain an assignment of support from each applicant or recipient regardless of whether the payment is court ordered."

The federal regulations governing AFDC further provide that a state plan for the administration of AFDC "shall provide" that "[w]hen a family ceases receiving assistance under the [AFDC program], the assignment of support rights under § 232.11 ... terminates, except with respect to the amount of any unpaid support obligation that has accrued under such assignment." 45 C.F.R. § 302.51(f). ORS does not argue, nor is there any evidence in the record to the contrary, that it has been granted a waiver from the requirements of this federal regulatory provision.

ORS contends that these two provisions, along with the written assignments secured under them from Hansen and Carlson, provide ORS with an extremely broad assignment. ORS claims that this assignment encompasses any past-due child support that is owed or will ever be owed to Hansen or Carlson, even if it becomes past due long after either of them ceases receiving AFDC payments.

Under the interpretation advanced by ORS, if the noncustodial parent were to miss several child-support payments many years after the custodial parent ceased receiving AFDC payments, the custodial parent could not collect those payments for the benefit of her children but would always be required to turn them over to ORS. In other words, the custodial parent could never collect any amount of past-due child support that was owed to her until the time when and if ORS successfully collected the amount owed to it.

The combined language of sections 232.11 and 302.51(f) plainly does not support ORS's interpretation. The language of section 232.11 is clear. To receive AFDC payments, the applicant must assign to the state any past-due support that has accrued up to the time the assignment is made. Even if the language of section 232.11 were subject to more than one interpretation, section 302.51(f) clearly states that the assignment

under section 232.11, whatever its scope may be, terminates when a family ceases receiving public assistance, "except with respect to the amount of any unpaid support obligation that has accrued under such assignment."

Thus, for the language of the written assignment to conform with the applicable federal regulations governing ORS's administration of AFDC, the words "due or to become due" must be read to encompass child support "to become due" only during the period in which the custodial parent is receiving AFDC. Therefore, any remaining assignment to ORS cannot include child support that becomes due *after* the custodial parent ceases receiving AFDC benefits.[6]

The assignments made to CSE by Hansen and Carlson encompassed past-due child support that accrued after the termination of assistance, specifically for months during which they did not receive AFDC benefits. Therefore, the CSE assignments encompassed an entirely different claim than the earlier ORS assignments, and neither one is precluded by the other. Accordingly, we hold that the trial court did not err in ruling that CSE's assignments from Hansen and Carlson were not precluded by the previous assignments to ORS.

### D.  Legislative Preemption

■ Finally, we address ORS's contention that the assignment of past-due child support to private entities is preempted by the legislation governing ORS's collection of child support. · This issue raises a question of law which we review for correctness, giving no deference to the trial court. *Ong Int'l*, 850 P.2d at 452.

ORS argues, "The comprehensive state statutory and regulatory scheme ... has essentially occupied the entire area of child support enforcement and collection, preempting any inconsistent expansion of the common law to permit an assignment [of past-due child support to private entities]." We find this argument to be without merit.

Contrary to ORS's assertion, the statutory scheme authorizing collection of child support by ORS does not occupy the entire area of child-support enforcement and collection so as to preclude applicability of the pertinent common law rules. Rather, section 62A–11–302 of the Utah Code states that "the common-law and statutory remedies pertaining to ... nonsupport of minor dependent children *shall be augmented* by this part ... [and] that the remedies provided in this part are in addition to, *and not in lieu of*, existing law." Utah Code Ann. § 62A–11–302 (emphasis added).

Furthermore, ORS has failed to show specifically how the assignment of past-due child support to private entities is inconsistent with the statutory scheme governing collections by ORS. We have already explained that the CSE assignments for months during which Hansen and Carlson did not receive AFDC benefits do not overlap with or undermine the ORS assignments that are authorized and required by statute.

ORS's only contention as to the inconsistency of the CSE assignments with relevant statutes is that the custodial parent circumvents the law by assigning a past-due child-support claim to a private collection agency before reapplying for AFDC benefits, thus leaving the custodial parent with no past-due child-support claim to assign to ORS as a condition of eligibility. However, we can find no Utah or federal statutory or regulatory requirement that AFDC applicants possess a past-due child-support claim as a condition of AFDC eligibility. In fact, there are many reasons why a parent might not be owed past-due child support at the time of application for AFDC. For example, the noncustodial parent may have kept current on the payments, or the custodial parent's attorney may have assisted the parent in enforcing and collecting the support. In such cases, an AFDC applicant would not have a past-due child-support claim but may still be eligible for AFDC.[7]

---

6.  The full scope of ORS's remaining assignment to the extent that it includes amounts which accrued while the custodial parent was receiving aid is not at issue, and therefore, we do not address it.

7.  Whether ORS can deny a person's reapplication for AFDC benefits unless all prior assignments are terminated is an issue that is not before us. In these cases, ORS had in fact granted Hansen's and Carlson's reapplications with-

Accordingly, we conclude that an assignment of past-due child support to a private collection agency is not preempted by legislation governing child-support collection by ORS. Therefore, the trial court correctly concluded that no statute precludes the assignment of past-due child support to a private collection agency.

### III. CONCLUSION

On the basis of the foregoing, we affirm the district court's grant of CSE's motions for intervention and the judgments for CSE entered thereunder.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur.

out requiring termination of their prior assign-