2012 UT 51

**Nancy MADSEN, for herself and all others similarly situated, Appellants,**

v.

**JPMORGAN CHASE BANK, N.A., Appellee.**

No. 20120241.

Supreme Court of Utah.

Aug. 24, 2012.

Rehearing Denied Jan. 31, 2013.

Robert J. Debry, Salt Lake City, for appellants.

Joseph J. Palmer, Stephen C. Tingey, Elaina M. Maragakis, Salt Lake City, for appellee.

PER CURIAM:

¶ 1 This matter is before the Court on Appellee JPMorgan Chase Bank's motion to summarily affirm the district court's decision on the ground the appeal fails to present a substantial basis for review. Appellant Nancy Madsen's response to the motion asserts that this Court's discussion of preemption in *Madsen v. Washington Mutual Bank FSB*, 2008 UT 69, ¶ 23, 199 P.3d 898 (*Madsen IV*), was "dicta" and cannot be considered to have resolved the merits of the claim she has presented in this case. Her response to the motion also asserts that *Madsen v. Prudential Federal Savings & Loan Ass'n*, 558 P.2d 1337, 1339–40 (Utah 1977) (*Madsen I*) decided a claim in her favor and that *Madsen I* was not overruled by *Madsen IV*.

¶ 2 The procedural background of the extensive litigation underlying this case was discussed at length in *Madsen IV*. Following our decision in that case, this Court's denial of a petition for rehearing, and the United States Supreme Court's denial of a petition for certiorari, Ms. Madsen filed a new complaint alleging grounds for the same relief that was sought by the earlier complaint. The new complaint was dismissed as barred by res judicata, and this appeal followed.

¶ 3 Contrary to Ms. Madsen's contentions, *Madsen IV* addressed the availability of all potential pending claims on the merits. *Madsen IV* treated arguments asserting a "common law pledge" and "unjust enrich-

ment" as a single "accounting claim."[1] *See* 2008 UT 69, ¶¶ 4–6, 199 P.3d 898. It explicitly determined that federal regulations preempted the "state law accounting claim" for "profits earned on pledged funds in reserve accounts," *id.* ¶¶ 20, 34, but it acknowledged the possibility that obligations otherwise subject to the regulations "could be varied by contract between private parties," *id.* ¶ 31. *Madsen IV* thus treated the accounting claim addressed in *Madsen I* as subject to preemption, while also conceding that a specific agreement to remit proceeds (if such an agreement had been included in the contract) could have functioned as an exception to the regulations on which the preemption decision was based. *Madsen IV* further held that the contract contained no provision for payment of interest and that, "in the absence of a contract or statute," there was no obligation to pay interest. *Id.* ¶ 32. It reversed and remanded "with instructions to enter summary judgment in favor of [the Bank]." *Id.* ¶ 34.

¶ 4 Even assuming *Madsen IV*'s statements can be viewed merely as providing alternate grounds for the same legal conclusion, none of those statements can be disregarded as dicta or construed as preserving any claims implicitly grounded, or explicitly contained, in the contract. Moreover, further assuming a good-faith, legally supportable belief that *Madsen IV* had *not* properly resolved all pending claims, Ms. Madsen could have proffered such an argument on remand. As noted above, *Madsen IV* instructed the district court to terminate the

litigation on remand by entering summary judgment, and the district court complied with that mandate. A timely appeal of that decision would have presented the last opportunity to raise the argument that this Court did not resolve all pending claims in *Madsen IV*.

¶ 5 Thus, the litigation preceding the filing of Ms. Madsen's new action definitively resolved her claims and erected a res judicata bar to any subsequent complaint raising claims that could have and should have been raised in that litigation. *See Snyder v. Murray City Corp.*, 2003 UT 13, ¶ 34, 73 P.3d 325.[2] Ms. Madsen's response to the motion makes no effort to assert that claims in the new complaint could not have been raised in the complaint addressed by *Madsen IV*, and, apart from the contentions described above, she does not contest any other element of claim preclusion. The decision of the district court is affirmed.

Having recused himself, Chief Justice DURRANT does not participate herein.

---

1. To the extent Ms. Madsen complains that *Madsen IV* improperly construed the claims addressed by *Madsen I*, that argument was laid to rest by our denial of the petition for rehearing in *Madsen IV*.

2. It is worth noting that some Utah cases have cited the standard for claim preclusion in a fashion that may be viewed as internally inconsistent. *Snyder* and our recent decisions in *Moss v. Parr Waddoups Brown Gee & Loveless*, 2012 UT 42, ¶ 21, 285 P.3d 1157, and *Gillmor v. Family Link, LLC*, 2012 UT 38, ¶ 10, 284 P.3d 622, have correctly described the third element as requiring simply that the first suit must have resulted in a "judgment on the merits." However, decisions such as *Culbertson v. Board of County Commissioners of Salt Lake County*, 2001 UT 108, ¶ 13, 44 P.3d 642 (emphasis added), and *Brigham

Young University v. Tremco Consultants, Inc.*, 2005 UT 19, ¶ 26, 110 P.3d 678 (Utah 2005) (emphasis added), have referenced a "judgment on the merits *of the claim.*" *See also Allen v. Moyer*, 2011 UT 44, ¶ 6, 259 P.3d 1049 (stating "claim preclusion bars a party from bringing in a subsequent lawsuit a related claim that has already been fully litigated"). To the extent any of our prior cases could be construed as requiring adjudication of a specific claim before that claim may be subject to preclusion, the statement of the third element would be rendered inconsistent with the second element, which may apply claim preclusion to a claim that was not but could and should have been raised. We here clarify that a resolution of the merits of a specific claim raised in a subsequent action is not a required element of claim preclusion.