2015 UT App 142

# THE UTAH COURT OF APPEALS

SANDRA N. TILLOTSON,
Plaintiff and Appellee,
*v.*
DIEDERIK VAN NEDERVEEN MEERKERK,
Defendant and Appellee.

THE SALT LAKE TRIBUNE,
Proposed Intervenor and Appellant.

Opinion
No. 20130686-CA
Filed June 4, 2015

Third District Court, Salt Lake Department
The Honorable L.A. Dever
No. 120903476

Edward L. Carter, Attorney for Appellant

Jeffrey L. Silvestrini, Bradley M. Strassberg, and
Joshua K. Peterman, Attorneys for
Appellee Sandra N. Tillotson

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES GREGORY K. ORME and STEPHEN L. ROTH
concurred.

CHRISTIANSEN, Judge:

¶1    The Salt Lake Tribune appeals from the district court's
denial of its motion seeking to intervene and to challenge the
classification of court records as private in a closed defamation
case. We vacate the district court's order denying the motion to
intervene and remand the matter to the district court for further
proceedings consistent with this opinion.

BACKGROUND

¶2      The Salt Lake Tribune (the Tribune) is a daily newspaper company based in Salt Lake City, Utah. Sandra N. Tillotson is a founder of Nu Skin Enterprises, Inc., a direct-sales and network-marketing company headquartered in Provo, Utah. On May 21, 2012, Tillotson filed a complaint alleging that her ex-husband, Diederik Van Nederveen Meerkerk, threatened to publish defamatory statements about her. After filing the complaint, Tillotson filed a motion to classify as private the entire case file in her case to prevent dissemination of the allegedly defamatory statements. On the same date, the district court granted Tillotson's motion and entered an order classifying the case file as private under rule 4-202.04(3) of the Utah Rules of Judicial Administration.

¶3      On October 9, 2012, the Tribune filed a motion captioned "Motion to Intervene and for Access to Records." The Tribune sought to intervene in the case pursuant to rule 24(b) of the Utah Rules of Civil Procedure to access the case file and to challenge the court's classification of that record as private. On March 11, 2013, the district court denied the Tribune's challenge without ruling on its intervention motion. Subsequently, the Tribune filed a proposed order stating that the district court had denied the motion to access records and had granted the motion to intervene. On June 7, 2013, the district court entered a minute entry on the docket, indicating that "the Court did not grant intervention to the Tribune and [the Tribune's motion] was denied." On June 18, 2013, the district court entered a written order denying the Tribune's motion to intervene. The order did not contain any reasons for the court's denial. Thereafter, on May 4, 2014, the district court dismissed the defamation case with prejudice. The Tribune appeals from the denial of its motion to intervene.

ISSUE AND STANDARD OF REVIEW

¶4    The Tribune challenges the district court's denial of its motion to intervene, arguing that the district court failed to properly analyze the Tribune's motion under rule 24(b) of the Utah Rules of Civil Procedure and to give any reasons for the denial of the motion.

¶5    "A motion to intervene involves questions of law and fact." *Taylor–West Weber Water Improvement Dist. v. Olds*, 2009 UT 86, ¶ 3, 224 P.3d 709. "[T]he factual findings underpinning an intervention ruling are subject to a clearly erroneous standard, and the district court's interpretation of [rule 24(b)] is reviewed for correctness." *Supernova Media, Inc. v. Shannon's Rainbow, LLC*, 2013 UT 7, ¶ 14, 297 P.3d 599 (citation omitted). Because "[a] trial court's grant [or denial] of intervention pursuant to rule 24(b) involves the discretion of the trial court, . . . we will not overturn its ruling absent a clear abuse of discretion." *Department of Soc. Servs. ex rel. State v. Sucec*, 924 P.2d 882, 887 (Utah 1996).

ANALYSIS

¶6    The Tribune moved to intervene as a party in Tillotson's defamation case pursuant to rule 24(b) of the Utah Rules of Civil Procedure and sought to challenge the classification of the court records as private. Under the Utah Code of Judicial Administration, "[c]ourt records are public unless otherwise classified by this rule." Utah R. Jud. Admin. 4-202.02(1). In most cases not involving juveniles or domestic relations, "case files," among other records, are public. *Id.* R. 4-202.02(2)(E). In classifying a record as private, the district court must (1) "make findings and conclusions about specific records"; (2) "identify and balance the interests favoring opening and closing the record"; and (3) "if the record is ordered closed, determine there are no reasonable alternatives to closure sufficient to protect the interests favoring closure." *Id.* R. 4-202.04(3). The party filing a

motion to close a record must serve the motion on any member of the press who has requested notice in the case. *Id.* R. 4-202.04(2)(D). The district court need not conduct a hearing on a closure request unless the motion to close the record is contested or the press member has requested notice of such closure motions in the case. *Id.*

¶7      Here, because the court's order classifying the case file as private was entered on the same day the complaint was filed, the Tribune had no opportunity, as a practical matter, to file a request for notice before Tillotson's motion to close the record was submitted. The Tribune was therefore not served with notice of the motion, and no hearing on the motion was held before the court granted the motion. The Tribune then sought to intervene to challenge the court's order classifying the record as private.

¶8      An individual or entity that is not a party to the underlying action has two possible avenues of relief in challenging an order classifying court records.[1] First, as here, the nonparty could move to intervene as a party in the case and would be entitled to challenge the classification of court records

---

1. The Utah Code of Judicial Administration provides a mechanism for accessing sealed or private court records: "A person not authorized to access a non-public court record may file a motion to access the record. If the court allows access, the court may impose any reasonable conditions to protect the interests favoring closure." Utah R. Jud. Admin. 4-202.04(2)(B). In deciding whether to allow access to court records, the judge must engage in the same three-step analysis outlined above for the classification of court records as sealed or private. *See id.* R. 4-202.04(3). However, the disposition of a motion to access court records does not affect the classification of the record as sealed or private. Therefore, a motion to access court records is distinct from a challenge to the classification order itself.

through direct appeal of the district court's order. *See Supernova Media, Inc. v. Shannon's Rainbow, LLC*, 2013 UT 7, ¶ 61, 297 P.3d 599 (reversing the denial of a media company's motions to intervene as of right and setting aside a sealing order because the district court had failed to make the findings required by rule 4-202.04(3)). Second, as a nonparty, the Tribune could seek a writ of mandamus to challenge the classification of the record. *See Society of Prof'l Journalists v. Bullock*, 743 P.2d 1166, 1168 n.1 (Utah 1987) (noting that "the Society's pursuit of an extraordinary writ [was] procedurally correct" because it had "no alternative course to follow" as a nonparty who could not directly appeal the district court's order classifying records as sealed). Thus, only a party to an action can challenge the classification of a record on appeal, while a nonparty cannot. *See Supernova*, 2013 UT 7, ¶ 61; *Society of Prof'l Journalists*, 743 P.2d at 1168 n.1. Therefore, our principal inquiry is whether the district court properly denied the Tribune's motion to intervene as a party in the underlying action. Before we reach that issue, we must first address Tillotson's claim that the Tribune's challenge is moot.

## I. The Tribune's Challenge to the District Court's Intervention Ruling Is Not Rendered Moot by Dismissal of the Underlying Defamation Case.

¶9    Tillotson argues that the Tribune's motion to intervene is moot because the underlying action in this case was dismissed during the pendency of this appeal. Generally, "a case is deemed moot when the requested judicial relief cannot affect the rights of the litigants." *Burkett v. Schwendiman*, 773 P.2d 42, 44 (Utah 1989). In the context of permissive intervention, the Utah Supreme Court has held that, as a general rule, "final settlement of all issues by all parties to a controversy renders a permissive intervenor's motion to intervene moot." *Millard County v. Utah State Tax Comm'n ex rel. Intermountain Power Agency*, 823 P.2d 459, 461 (Utah 1991) (citing Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3533.2, at 236 (2d ed. 1984)).

¶10 Here, the Tribune moved for permissive intervention specifically to challenge the classification of the case file as private. Thus, the Tribune's interest in access to the case record is not tied to the resolution of the controversy between the parties, and that interest is not terminated by the dismissal of the case. With respect to the specific relief sought by the Tribune, had permissive intervention been granted, the Tribune would have been able to mount a direct challenge to the district court's order classifying the record as private in the defamation case. *See Supernova*, 2013 UT 7, ¶ 61. Because the motion to intervene was denied, the Tribune is presently precluded from challenging the classification order on appeal, barring public access to the record.[2] *See Society of Prof'l Journalists*, 743 P.2d at 1168 n.1. Accordingly, the requested judicial relief of permissive intervention *does* affect the legal rights of the Tribune because the disposition of its motion to intervene will dictate whether it may challenge the district court's classification order on appeal—an issue neither resolved nor extinguished by the dismissal of the case. *See Burkett*, 773 P.2d at 44. Therefore, the Tribune's challenge to the district court's ruling on its motion to intervene in the defamation case is not rendered moot by the dismissal of the underlying case.

## II. The District Court's Failure to Provide Reasons for Its Denial of the Tribune's Motion to Intervene Precludes Meaningful Appellate Review.

¶11 An order denying a motion to intervene is a final disposition of the claims asserted by the applicant for intervention and is appealable. *Millard County*, 823 P.2d at 461. Rule 24(b) governs permissive intervention and provides that

---

2. We note that the Tribune could obtain access to individual records by filing additional motions to access court records, although this alternative would not alter the classification of the case records in this case. *See supra* note 1.

"upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Utah R. Civ. P. 24(b). In exercising its discretion to permit intervention under this rule, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

¶12    Generally, a court's determination under rule 24(b) is reviewed for abuse of discretion. *Department of Soc. Servs. ex rel. State v. Sucec*, 924 P.2d 882, 887 (Utah 1996). But when a district court's order denying a rule 24(b) request is "simply insufficient to permit meaningful appellate review" and the district court's reasoning is not apparent from the record, this court cannot properly evaluate the propriety of the district court's actions, and we must vacate the order and remand the matter for further proceedings. *See Hudgens v. Prosper, Inc.*, 2010 UT 68, ¶ 20, 243 P.3d 1275.

¶13    In its March 11, 2013 ruling, the district court denied the Tribune's motion regarding access to the case record without addressing the motion to intervene. While the court set out the Tribune's arguments in favor of granting permissive intervention, the court performed no analysis of these arguments before moving on to consider the Tribune's challenge to the classification of the case file. The district court then restated its classification of the case file as private and denied the Tribune's request to access records without ruling on the motion to intervene. In response to the Tribune's confusion over the status of its intervention motion, the district court attempted to clarify its order in a minute entry, stating, "The Court issued a ruling on March 11, 2013 denying the Tribune[] access. The Tribune filed a proposed Order noting that access was denied but intervention was granted. The Court's Ruling stands. For clarification, the Court did not grant intervention to the Tribune and [the Tribune's motion] was denied." On June 18, 2013, the district court issued an order specifically denying the motion to

intervene but failed to state any reasons for its denial. The district court simply stated that "in connection with a minute entry dated June 7, 2013, it is hereby ordered that [the Tribune's] Motion to Intervene is denied."

¶14 Based on the record before us, we cannot conduct meaningful review of the district court's decision on the intervention motion. Neither the order nor the minute entry provides any explicit findings or articulates any basis for the district court's denial of the motion to intervene. We are unable to determine whether the district court found that the Tribune's claim for intervention lacked "a question of law or fact in common" with the main action. *See* Utah R. Civ. P. 24(b). We also cannot determine whether the court "consider[ed] whether the intervention [would] unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* For these reasons, this court is unable to "ascertain the basis of the trial court's decision," and thus, we are "prevented from effectively reviewing the trial court's decision and may remand for the entry of [the required] findings." *See Allen v. Ciokewicz*, 2012 UT App 162, ¶ 42, 280 P.3d 425 (citation and internal quotation marks omitted). We therefore vacate the district court's denial of the Tribune's motion to intervene and remand the matter to the district court for further proceedings.[3]

### III. We Lack Jurisdiction to Consider the Tribune's Challenge to the District Court's Classification Order Because the Tribune Is a Nonparty.

¶15 As it stands, the Tribune is a nonparty. Unless and until it is made a party, it may not appeal the district court's classification order. *See Society of Prof'l Journalists v. Bullock*, 743 P.2d 1166, 1168 n.1 (Utah 1987). We therefore lack jurisdiction to

---

3. We express no opinion on whether the district court should grant the Tribune intervenor status.

consider the Tribune's challenge to the district court's classification of the case record on direct appeal from the district court's denial of the Tribune's motion to intervene. *See Weber County v. Ogden Trece*, 2013 UT 62, ¶ 28, 321 P.3d 1067 (noting that because the appellants were nonparties, they were "not entitled to an appeal as of right"); *Brigham Young Univ. v. Tremco Consultants, Inc.*, 2005 UT 19, ¶ 46, 110 P.3d 678 ("As nonparties, [the appellants] cannot appeal the [district court's] order."), *overruled on other grounds by Madsen v. JPMorgan Chase Bank, NA*, 2012 UT 51, 296 P.3d 671.

CONCLUSION

¶16    Based on the record before us, we are unable to determine whether the district court properly denied the Tribune's motion to intervene pursuant to rule 24(b) of the Utah Rules of Civil Procedure. Accordingly, we vacate the district court's order denying the Tribune's motion to intervene and remand this matter for further proceedings. On remand, the district court shall enter adequate findings and reasoning to support its ultimate decision to grant or deny the Tribune's motion to intervene in accordance with the requirements of rule 24(b).

———————