No. 21004.

Verna Louise Talbot *v*. Floyd Hugh Talbot.
(394 P.2d 607)

Decided August 10, 1964.

Mr. R. GEORGE SILVOLA, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

WE will refer to the plaintiff in error as Verna and to the defendant in error as Floyd.

Verna filed a complaint in divorce against Floyd and shortly thereafter the parties entered into an agreement which provided in pertinent part that Verna should have the custody of their minor children and that Floyd should make support payments in the amount of $50.00 per week commencing on October 24, 1960, and continuing thereafter until each child had married, reached maturity or become self-supporting. The child support payments were to be paid into the registry fund of the trial court. This agreement was "approved" by the trial court several days after it was executed.

On March 30, 1961, the trial court entered a decree of divorce and ordered that Verna was to have custody of the children and that Floyd was to make child sup-

port payments of $50.00 per week until further order of the court. No reference was made in the decree to any agreement of the parties. No review of this decree was sought.

On April 21, 1961, Verna filed a "Motion for Citation for Contempt of Court" wherein she alleged, in pertinent part, that Floyd was in default in the total amount of $1,100.00 for child support. This motion came on for hearing and the trial court, on October 23, 1961, held Floyd in contempt and found that the amount of child support in arrears up to October 23, 1961, was $2,130.00. Floyd was given one year in which to bring all back payments up to date.

On April 4, 1962, Verna filed a second "Motion for Citation for Contempt of Court" wherein it was alleged that since the order of October 23, 1961, Floyd had paid only $160.00 into the registry fund of the court and that the total amount of child support payments in arrears was $3,170.00. To this motion Floyd filed a "Motion to Quash Citation for Contempt, Reduction of Support Payments and for an Accounting." In this motion, Floyd alleged that he had relied on Verna's counsel from the inception of the proceedings; that he had advised Verna's counsel that he did not have sufficient earning capacity to justify the payment of $50.00 per week child support and that said counsel advised that whatever he and Verna agreed upon would be all that he would be required to pay and that it would not be necessary to change the court order to conform to such agreement; that he and Verna agreed that $30.00 per week was a reasonable and adequate amount of child support; that he had paid an amount equal to $30.00 per week every week since March 30, 1961, either into the registry fund of the court or directly to Verna and that Verna apparently failed to advise the clerk of the court of those payments made directly to her; that his gross earnings were from $80.00 to $100.00 per week and that his living expenses averaged $225.00 per month and that he did

not have sufficient income to make payments of $50.00 per week and maintain himself; that Verna had remarried (shortly after securing the divorce) and that the reasonable requirements and needs of the children could be satisfied by payments of $30.00 per week.

After a hearing at which both parties presented evidence, the trial court quashed the citation for contempt but denied any reduction in support payments and an accounting. This action of the trial court occurred on January 30, 1963. Thereafter, Floyd filed a motion for new trial, asserting that the "overwhelming" evidence introduced at the hearing showed that (1) the original order of court for child support was based upon an agreement entered into by Floyd without counsel constituting fraud in the inducement, and (2) that the original order was inequitable and beyond the ability of the defendant to pay, compelling a reduction in child support payments. On February 15, 1963, Verna filed a "Motion for Judgment on Arrearage" asserting that the amount of Floyd's default was readily ascertainable from the orders of the court already entered.

On April 30, 1963, the following judgment was entered by the trial court:

"This matter having been taken under advisement without argument of Counsel upon the Plaintiff's motion for entry of judgment and Defendant's motion for reduction of support payments, it is now ordered by the Court as follows:

"Plaintiff's motion for judgment on arrearage is denied.

"Defendant's motion to reduce arrearages is sustained, and Defendant is ordered to pay in the future the sum of thirty dollars ($30.00) a week which the Court believes from the evidence was the amount originally agreed upon at the time of the first stipulation and agreement.

"The Court further finds that the evidence discloses that the Defendant could not make payments in the

sum of fifty dollars ($50.00) a week, and that the original order was completely inequitable and beyond the ability of the Defendant to pay; further that the Defendant has had little education and was without benefit of counsel at the time he entered into the original stipulation."

Motion for new trial was dispensed with and Verna brought writ of error to this Court.

█ █ The support order which the trial court entered in conjunction with its decree of divorce was a reviewable judgment. The gravamen of Floyd's attack upon that judgment in the trial court was that it was entered as a result of the fraud and misrepresentation of Verna and her attorney. But such attack upon the judgment, no writ of error having been taken, must be brought within the limitations placed upon such relief by Rule 60, R.C.P. Colo., wherein it is provided that the proceeding must be brought within six months after the judgment was entered. Here, Floyd's contention that the judgment was entered by reason of fraud and misrepresentation was made, at the earliest, some twelve months after the judgment was entered and the court was without authority to set aside its original judgment.

█ Moreover, the court made no finding that any fraud had been practiced upon either Floyd or the court. A finding that a judgment was inequitable or that the party adversely affected by the judgment had little education and was without benefit of counsel is not a finding that fraud was practiced upon that party or upon the court which entered the judgment. Such matters may be circumstances which might lead a court to find fraud in the entry of a judgment, but they do not in themselves constitute a finding of fraud.

█ The judgment of April 30, 1963, purports to sustain Floyd's "motion to reduce arrearages." Such action by the trial court was improper. No motion to reduce arrearages was ever filed. But even if such a motion had been filed, the trial court had no power to grant

it since in Colorado each installment of child support maturing under a decree which has not been modified becomes a judgment debt similar to any other judgment for money and retroactive modifications thereof cannot be effected. *Drazich v. Drazich*, 153 Colo. 218, 385 P.2d 259; *Taylor v. Taylor*, 147 Colo. 140, 362 P.2d 1027; *Engleman v. Engleman*, 145 Colo. 299, 358 P.2d 864.

■ Verna complains of the trial court's action in refusing to hold Floyd in contempt. It is sufficient in this regard to direct attention to *Engleman v. Engleman*, supra, wherein the following is said:

"Adjudging one to be in contempt or conversely absolving one so charged, is uniformly held to be a matter within the sound discretion of the trial court and will not be disturbed on review unless there be an abuse of such discretion. * * *"

We decline to hold that as a matter of law the court abused its discretion under the circumstances of this case.

■ Verna also contends that the trial court erred in reducing the orders *in futuro*. Viewed in the light most favorable to Floyd, there is evidence in the record from which the court could reach the conclusion that support payments should be reduced, and it is the law in this state that we cannot disturb the finding of a trial court acting within its discretion.

That part of the judgment reducing arrearages is reversed and the cause remanded with directions to grant Verna's "Motion for Judgment on Arrearage" in such sum as the records of the trial court indicate were not paid in accordance with the decree of March 30, 1961, to April 30, 1963, less any amount found to have been paid directly to Verna by Floyd rather than through the registry fund of the court. The remainder of the judgment is affirmed.

MR. JUSTICE DAY not participating.