**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John M. O'QUINN,**
**Defendant–Appellant.**

**No. 90–2303.**

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1990.

ceipts written to the defendant at that address.

Michael E. Tigar, Austin, Tex., Stephen D. Susman, E. Lawrence Vincent, Susman & Godfrey, Houston, Tex., for defendant-appellant.

Paula Offenhauser, John R. Braddock, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GARZA, JOLLY, and JONES, Circuit Judges.

PER CURIAM:

John M. O'Quinn, appeals his conviction of criminal contempt for sleeping in Judge Melinda Harmon's jury room during a break in a trial in Judge David Hittner's court. Judge Hittner imposed a sentence of indefinite unsupervised probation, provided O'Quinn serve 10 days in the Harris County jail on consecutive weekends. The court stated that it would set aside the jail time if O'Quinn paid a $500 fine by noon the next day and performed sixty hours of community service under the supervision of the United States Probation Office, at the rate of not less than five hours per month. O'Quinn paid the fine and filed a timely notice of appeal. This court stayed his sentence pending appeal. O'Quinn has presented six points of error to this court. We decide only that there was no willful violation of a clear and unambiguous order. We do not decide any of O'Quinn's other points of error. Because Judge Hittner abused his contempt power we REVERSE the conviction and order that O'Quinn be refunded the $500 fine.

During a heated bench conference in the civil trial *Iratex, U.S.A., Inc. v. Sewell & Riggs* Judge Hittner entered the following oral order: *"Number two, you need to stay out of the facilities up here on this floor unless you get prior permission. That's the jury room, also."* O'Quinn's conviction resulted from an alleged violation of this order. We find the order to be vague and overbroad and thus will not support a conviction of criminal contempt.

"The judicial contempt power is a potent weapon. When it is founded upon a decree too vague to be understood, it can be a deadly one." *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1967); *See also Schmidt v. Lessard*, 414 U.S. 473, 476 n. 2, 94 S.Ct. 713, 715 n. 2, 38 L.Ed.2d 661 (1974) (per curiam) (quoting this language from their earlier opinion). O'Quinn is accused of violating the order set forth above regarding staying out of the facilities without prior permission.

In this case there was too much doubt as to what was intended by Judge Hittner's oral order. After careful study of the record and briefs, and after able oral argument, we are persuaded that notwithstanding the less than model professional conduct of the appellant, we must reverse the judgment of contempt in this case because we find that the order said to have been violated was too vague and overbroad to support a judgment of criminal contempt. *See NBA Properties v. Gold*, 895 F.2d 30, 32 (1st Cir.1990) (stating that a contempt citation must be based on a clear and unambiguous order and that any ambiguities redound in favor of the accused); *Hess v. New Jersey Transit Rail Operations, Inc.*, 846 F.2d 114, 115 (2d Cir.1988) (explaining that "[n]o one may be held in contempt for violating a court order unless the order is clear and specific and leaves no uncertainty in the minds of those to whom it is addressed" and concluding that the phrase "bonafide offer of settlement" is vague and imprecise and therefore will not support a conviction of contempt); *United States v. Joyce*, 498 F.2d 592, 595–97 (7th Cir.1974) (holding that an order requiring the defendant to use his "best offices" is too vague and ambiguous to uphold a conviction of criminal contempt).

The judgment holding O'Quinn guilty of criminal contempt is REVERSED and RENDERED and the $500 fine he paid in order to stay out of jail must be refunded.