**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 91-3441
_____


DOUGLAS W. COOPER, et al.,

                                    Plaintiffs,

                    VERSUS

            TEXACO, INC., et al.,

                                    Defendants,

      BERNEY L. STRAUSS, STRAUSS & ASSOCIATES,
            and RICHARD LEE ROOT,

                                    Movants-Appellants.



            *  *  *  *  *  *  *  *  *


            _____

            No. 91-3446
            _____


      IN RE:  BERNEY L. STRAUSS,

                                    Petitioner.
      _____

      Appeal from the United States District Court
        for the Eastern District of Louisiana
      _____
                (May 1, 1992)

Before SMITH and EMILIO M. GARZA, Circuit Judges, and KENT,[*]
District Judge.

JERRY E. SMITH, Circuit Judge:

_____

    [*] District Judge of the Southern District of Texas, sitting by designation.

I.

On April 9, 1990, Berney L. Strauss was "suspended from the practice of law before this court" by the United States District Court for the Eastern District of Louisiana, en banc. This court affirmed the suspension. In re Strauss, 931 F.2d 891 (5th Cir. Apr. 18, 1991) (per curiam) (unpublished) (No. 90-3441). At the time of the suspension, Strauss was a practicing attorney in Louisiana and was the sole partner and shareholder of Strauss & Associates, a professional law corporation. After his suspension, he hired two associates,[1] who became the attorneys of record for any and all Strauss & Associates's cases pending in the Eastern District.

Strauss solicited new clients, and contingency fee contracts were entered into between Strauss & Associates and new clients in Eastern District cases. Strauss supervised and controlled his associates, participated in depositions,[2] negotiated and approved settlements, advised clients, and wrote letters on his professional stationery relating to cases filed in the Eastern District. He did not submit any papers to the court under his own name or appear in court in the Eastern District (except to the extent that appearance at a deposition can be deemed to be participation in a court proceeding).

---

[1] One of these associates was replaced in October 1990.

[2] Indeed, Strauss instructed one associate not to attend a deposition because Strauss could not attend.

2

On March 20, 1991, after a bench trial, Strauss was found guilty of criminal contempt for violating the suspension order. On April 10, 1991, the district court ruled that neither Strauss, nor Strauss & Associates, nor any lawyer working for Strauss & Associates could collect fees for any legal work performed on Eastern District cases after the suspension order was entered. Strauss appeals both rulings, which bear our docket No. 91-3446 (criminal contempt) and No. 91-3441 (receipt of fees).

## II.

A person may not be convicted of criminal contempt for violating an order unless that order is clear and unambiguous. United States v. O'Quinn, 913 F.2d 221, 222 (5th Cir. 1990) (per curiam).[3] Any ambiguity must be resolved in favor of the defendant. Id. (citing NBA Properties v. Gold, 895 F.2d 30, 32 (1st Cir. 1990)). Strauss contends that the order was vague.

We find that the suspension order was unambiguous and that no reasonable attorney could fail to understand it. Local Disciplinary Rule 20.101E of the Eastern District of Louisiana, entitled "Practicing Before Admission or During Suspension," provides,

> Any person who exercises in any proceeding in this court any of the privileges of a member of the bar or who pretends to be entitled to do so before his or her admission to the bar of this court, or during his or her disbarment or suspension, is in contempt of court and subjects himself or herself to disciplinary action.

---

[3] There are three elements to contempt under 18 U.S.C. 401(3): (1) a reasonably specific order, (2) violation of the order, and (3) the willful intent to violate the order. United States v. Burstyn, 878 F.2d 1322, 1324 (11th Cir. 1989).

Since his suspension, Strauss consistently has exercised privileges of a member of the bar and has pretended to be entitled to do so. He participated in several depositions, which are proceedings before the court. He attended the depositions as the supervising attorney, defended a deposition alone, and advised a client to answer a question the client had refused to answer.

Strauss portrayed his associates as assisting in Eastern District cases; he wrote five letters relating to Eastern District cases on Strauss & Associates letterhead and signed these in his capacity as partner. He negotiated and approved settlements; no settlement could be issued without his authorization. Finally, despite his intimate involvement in the cases, Strauss took no precautions in his correspondence, appearances at depositions, or negotiations with opposing counsel to explain that he was participating in a limited role. No attorney reasonably could have believed that these actions were consistent with an order of suspension. See FTC v. Gladstone, 450 F.2d 913, 914-15 (5th Cir. 1971) (contempt conviction upheld where attorney could not have believed his actions complied with court order).

Strauss argues that suspension is similar to the status of an attorney not yet admitted to practice and that, as an attorney in good standing in other jurisdictions, he should have been permitted to participate in depositions, settlements, and any activity other than appearing before the court. To the contrary, however, suspension is a temporary disbarment, and Strauss reasonably could not have believed otherwise. A cursory glance at Black's Law

4

Dictionary 1447 (6th ed. 1990) would have revealed to Strauss that a suspension is a "temporary . . . debarring." The Local Rules of the Eastern District of Louisiana also indicate that suspended attorneys and visiting attorneys are treated quite differently. Local Rule 20.06 provides that visiting attorneys may participate in Eastern District cases if certain conditions are met. The local rules group suspended and disbarred attorneys together, <u>see</u>, <u>e.g.</u>, Local Rule 20.10M, and make no provision for practice during suspension. Interpreting a similar order of suspension, the Third Circuit held that a suspended attorney may continue to work on cases in the jurisdiction from which he is suspended only in the capacity of a law clerk. <u>In re Mitchell</u>, 901 F.2d 1179, 1181-89 (3d Cir. 1990). Reasoning that <u>Mitchell</u> was the first case interpreting a suspension order and that there was significant evidence that the defendants had acted in good faith, the Third Circuit applied its holding prospectively.

<u>Mitchell</u> persuades us that a suspended attorney may act only as a law clerk, but we decline to hold that the application of this rule is prospective only. Unlike the defendants in <u>Mitchell</u>, Strauss ignored the blanket language of Local Disciplinary Rule 20.101E and the fact that the only reported federal case discussing suspension forbade his actions; nor is there any evidence that he acted in good faith. These factors distinguish the instant case from <u>Mitchell</u>, and we therefore apply our holding to Strauss.

5

III.

Strauss seems to challenge some of the district court's factual findings detailing his violation of the suspension order and the sufficiency of the evidence that he intentionally violated the suspension order. We have reviewed the record and conclude that these contentions are plainly without merit.

IV.

Strauss also appeals the order denying any legal fees to Strauss & Associates for work performed after the suspension order on six Eastern District cases.[4] The clients in all six cases have entered contingency fee contracts with Strauss & Associates; three were clients at the time of the suspension order, and three others became clients after the suspension order was entered. The district court held that Strauss was entitled to recover quantum meruit fees for work performed on the three pre-existing cases before he was suspended but that he could recover no fees from the three cases he assumed after the suspension order. We agree.

Strauss is the sole shareholder in Strauss & Associates and the sole beneficiary of contingency contracts. Since Strauss was suspended and thus forbidden from working in the capacity of supervising attorney on any Eastern District cases, he may not receive legal fees for performing work in violation of the order.

---

[4] Strauss did not cite the appropriate source of jurisdiction over this appeal in his brief. Since the April 10, 1991, order continued an injunction, we have jurisdiction over the appeal under 28 U.S.C. § 1292(1) (West Supp. 1991).

6

Neither Strauss nor Strauss & Associates may receive legal fees for any work on Eastern District cases performed after April 9, 1990, and during the period of the suspension.

V.

For the reasons explained above, we AFFIRM the conviction of criminal contempt in No. 91-3446 and AFFIRM the order denying legal fees in No. 91-3441.

7