Blaine A. RUTENBECK,
Petitioner–Appellant,

v.

Sharon W. GROSSENBACH, assignee of
Dean P. Grossenbach, Respondent–
Appellee.

No. 92CA0930.

Colorado Court of Appeals,
Div. II.

May 20, 1993.

Rehearing Denied July 22, 1993.

Certiorari Denied Feb. 7, 1994.

Charles F. Brega, Blaine A. Rutenbeck, Denver, for petitioner-appellant.

Laurence D. Wert, Denver, for respondent-appellee.

Opinion by Judge TURSI.

Petitioner, attorney Blaine A. Rutenbeck, appeals from an order entered by the trial court awarding a full one-third share of a contingent fee recovered in an underlying case to intervenor Sharon W. Grossenbach, as assignee of attorney Dean P. Grossenbach (Grossenbach). We affirm.

The principal issues raised by Rutenbeck are 1) whether an attorney has a right to collect fees after he has been suspended or disbarred, and 2) if so, did the attorney here fail to do the work necessary to justify participation in the contingent fee.

The case in which the contingent fee agreement was entered was a wrongful death suit. Trial in that matter resulted in a jury verdict in favor of the plaintiff who was represented on a contingent fee basis by Richard K. Walsh, Dean P. Grossenbach, and Rutenbeck.

The jury verdict in that case was overturned by this court in *Perreira v. State*, 738 P.2d 4 (Colo.App.1986). However, that decision was reversed by our supreme court in *Perreira v. State*, 768 P.2d 1198 (Colo.1989), and the case was remanded for a new trial.

Prior to the new trial, this matter was settled by the parties. For reasons unrelated to the Perreira case, Grossenbach's license to practice law was suspended before the stipulation of dismissal was approved by the trial court in June 1991. The trial court

retained jurisdiction to resolve attorney fees issues.

The claims asserted by Rutenbeck pertain to the distribution of the contingent fee earned in the underlying action. Although the fee sharing agreement has been lost and is, consequently, not a part of the record, it is conceded by the parties that a contract existed among the attorneys which provided that each attorney would be entitled to one-third of any contingent fee realized. It is also uncontested that the contract was fully disclosed and consented to by their client.

This dispute concerns alleged abandonment of the Perreira case by Grossenbach and the effect of his suspension prior to final dismissal of the wrongful death suit. After a hearing, wherein statements of fact were submitted by the attorneys involved, the trial court found Grossenbach entitled to one-third of the fees from the Perreira case. This decision was based upon findings that the attorneys had fairly divided the responsibilities of trial in this matter and that the attorneys had also performed as agreed.

Rutenbeck has never asserted that Walsh did not earn his one-third of the fee, and the trial court specifically found that there was no way to distinguish the amount of work done by Grossenbach from the amount done by Walsh. It, therefore, determined that since Walsh was awarded one-third of the contingent fee, Grossenbach should also be awarded a one-third share. Finally, the trial court found that Grossenbach's suspension from the practice of law, which occurred in 1990, was irrelevant since the fee had already been earned.

## I.

■ Rutenbeck first asserts that Grossenbach was not entitled to receive a share of the fee because he was suspended from the practice of law before final resolution of the Perreira case. We disagree.

A suspended or disbarred attorney does not lose his right to assert a claim for fees earned prior to suspension or disbarment. *People ex rel. MacFarlane v. Harthun*, 195 Colo. 38, 581 P.2d 716 (1978). Moreover, contingent fee arrangements have long been held valid in Colorado, except in criminal and divorce cases. C.R.C.P. Chapter 23.3; *People v. Nutt*, 696 P.2d 242 (Colo.1984); see Colorado Code of Professional Responsibility DR 2–106 and DR 2–107 (in effect during the times pertinent here) and Colo. Rules of Profession Conduct 1.5(c) (effective January 1, 1993).

Hence, the attorneys breached no ethical canon by agreeing to share the contingent fee, and Grossenbach is entitled to any fee he earned before his suspension and disbarment.

## II.

■ Rutenbeck next claims that Grossenbach, either in fact or constructively, abandoned the case without excuse prior to its completion. Therefore, he claims, Grossenbach failed to perform the services he had assumed under the agreement and has, thus, forfeited his share of the fee. We disagree.

The division of a fee must be in proportion to the services performed and responsibility assumed by each lawyer. Colorado Code of Professional Responsibility DR 2–107(A)(2); see Colo. Rules of Professional Conduct 1.5(d).

Although no Colorado appellate case has specifically addressed when a division is considered proportional, DR 2–107(A)(2), many other jurisdictions have found that when there has been a substantial division of services or responsibility, the agreed division should control. *See, e.g., McNeary v. American Cyanamid Co.*, 105 Wash.2d 136, 712 P.2d 845 (1986). This holds true even though it is claimed that the division is not directly proportional to the work performed by each attorney. *Fitzgibbon v. Carey*, 70 Or.App. 127, 688 P.2d 1367 (1984).

As long as the agreement to divide the fee was based on a good faith division of services and responsibility at the time of contracting, the fee agreement should be binding. *Martinez v. Los Angeles County*, 87 Cal.App.3d 189, 151 Cal.Rptr. 50 (1978).

Rutenbeck has not alleged that there was a bad faith division of the fee. In fact, the record reveals that Walsh believed Grossenbach had performed to at least 90 percent

satisfaction and had earned one-third of the contingent fee. The record discloses that Grossenbach was retained as assistant counsel at trial, and the original trial was successful, putting Perreira in a position ultimately to obtain a favorable settlement. Therefore, the original trial substantially contributed to the ultimate resolution of the case.

Thus, Grossenbach, having substantially performed under the contingent fee contract, is entitled to the fee. *See R.F. Carle Co. v. Biological Sciences Curriculum Study Co.,* 616 P.2d 989 (Colo.App.1980).

### III.

■ Rutenbeck also argues that the trial court erred by allowing Sharon Grossenbach to intervene. We disagree.

■ When a trial court allows intervention, its ruling should not be disturbed absent a showing of abuse of discretion. *Tekai Corp. v. Transamerica Title Insurance Co.,* 39 Colo.App. 528, 571 P.2d 321 (1977).

C.R.C.P. 24(b) provides for permissive intervention when an applicant's claim and the original cause of action have a common question of law or fact. And, assignees have been allowed to intervene because they are deemed to be the real party in interest. *See O'Hara Group Denver, Ltd. v. Marcor Housing Systems, Inc.,* 197 Colo. 530, 595 P.2d 679 (1979).

Here, Sharon Grossenbach is the real party in interest because of the assignment she received from Grossenbach in their divorce settlement. Grossenbach had nothing to gain by vigorously litigating the fee dispute because of the assignment. Thus, the trial court's decision to allow the intervention was not an abuse of discretion.

### IV.

Rutenbeck's remaining claims of error are without merit.

The order of the trial court is affirmed.

STERNBERG, C.J., and HUME, J., concur.