In re the MARRIAGE OF Penny Ann PAUL n/k/a Penny Ann Rabicoff, Appellee,

and

David Harrison Paul, Appellant,

and

Robert J. Rabicoff, Intervenor–Appellee.

No. 96CA1827.

Colorado Court of Appeals, Div. V.

May 14, 1998.

Rehearing Denied June 11, 1998.

Certiorari Denied June 14, 1999.

**138**

No Appearance for Appellee.

Donald Chad Goldy, Denver, for Appellant.

Weinberger & Kanan, P.C., Robert A. Weinberger, Denver, for Intervenor–Appellee.

Opinion by Judge KAPELKE.

In this post-dissolution of marriage proceeding in which Robert J. Rabicoff (stepfather) was permitted to intervene on a limited basis, David H. Paul (father) appeals an order relating to child support, custody, and contempt. We affirm in part, vacate in part, and remand with directions.

Upon the dissolution of their marriage in 1982, father and Penny Paul (mother) were granted joint custody of their only child, and father was ordered to pay child support. That same year, mother married stepfather.

In 1990, stepfather filed in the dissolution case a petition seeking to intervene "for the Limited Purpose of Financial Affairs." In the petition he alleged that when father failed to provide support for the child, stepfather had assumed those responsibilities and that, therefore, mother had assigned to him all rights to the collection of that past child support obligation.

The first of four district court judges who have entered pertinent rulings in this matter allowed the limited intervention. In addition, the court modified the ongoing child support obligation, determined the amount of arrearages owed by father, and ordered him to pay any medical expenses not covered by mother's insurance. The order also provided that stepfather was not personally responsible for the medical bills relating to the child.

In 1994, after a hearing on, among other things, the calculation of arrearages and stepfather's right to continue participating as an intervenor, the second trial court judge ordered that stepfather would be permitted to argue and submit a brief addressing the arrearages as of December 31, 1994. The court further ordered, however, that once the dispute as to those arrearages was resolved, stepfather would be dismissed as a party and would not be permitted to file any further motions or pleadings.

Stepfather thereafter filed a number of documents, including a motion to reconsider his dismissal as an intervenor and a motion for issuance of a contempt citation against father for his alleged failure to pay child support. Father moved to strike the motion to reconsider. The third trial court judge granted the motion to strike, dismissed the contempt citation filed by stepfather against father, and ordered that stepfather pay father's attorney fees.

In addition, alleging that stepfather's continued filing of documents was in violation of the order entered by the second judge, father filed a motion for issuance of a contempt citation against stepfather. Following a hearing, the third judge again ordered stepfather's pleadings stricken and also found him in contempt, imposed a sentence, and awarded father his attorney and witness fees.

Stepfather appealed the contempt order to this court, arguing that since the issue as to the arrearages as of December 31, 1994, had not been resolved, he had not violated the second judge's order. However, stepfather then moved to remand the matter to the trial court for consideration of his motion for relief from the attorney fee award entered against him and his motion to vacate certain rulings made by the third judge.

The motion for remand was granted by a division of this court, and on June 5, 1996, a fourth trial court judge entered an order in disposition of the remand. Upon recertification of the appeal, father filed a notice of cross-appeal as to the order on remand. A division of this court, by order issued on August 16, 1986, in Case No. 95CA1717, dismissed the appeal with prejudice and the cross-appeal without prejudice, finding the former moot and the latter premature.

Two weeks after the dismissal, the fourth trial court judge certified as final twelve orders contained in the June 1996 order on remand. Among them were the order vacating the third judge's order of contempt against stepfather, the order reinstating the contempt citation against father, the order imposing certain limitations on the scope of stepfather's intervention, and the order denying father's motion for change of custody and modification of child support. Father then filed this appeal as to those orders certified as final.

## I.

Stepfather continues to argue in his answer brief that the C.R.C.P. 54(b) certification of portions of the order on remand was improper and that the order on appeal is therefore not final. He also urges that his cross-appeal was improperly stricken as untimely and should be reinstated. However, we agree with the rulings already entered by other divisions of this court rejecting stepfather's contentions.

## II.

Father's threshold contention in this appeal is that mother could not assign to stepfather her right to receive past-due child support arrearages. We conclude that, under the circumstances here, the assignment was effective as to such arrearages.

■ We are not aware of any Colorado precedents directly in point on the issue. However, in *State ex rel. Utah State Department of Social Services v. Sucec*, 924 P.2d 882 (Utah 1996), the Utah Supreme Court determined that a parent could assign to a private child support collection agency her past-due child support claims.

In determining the assignability issue, the Utah court drew a distinction between current and ongoing support on the one hand, and past-due support on the other. It reasoned that, unlike the rights to current and future support which belong to the child, a claim for reimbursement of past-due support belongs to the person who provided that support: "[T]hat person is free to assign the debt, just as she is free to discharge, settle,

or negotiate the debt." *State ex rel. Utah State Department of Social Services v. Sucec, supra,* 924 P.2d at 886.

■ We agree with the Utah court's analysis. Significantly, it also comports with the principle recognized in Colorado that each past-due installment of child support becomes a judgment debt similar to any other money judgment. *See Talbot v. Talbot,* 155 Colo. 350, 394 P.2d 607 (1964); *In re Marriage of Murray,* 790 P.2d 868 (Colo.App. 1989). Therefore, we conclude that mother's assignment of the claim for reimbursement of past-due child support was effective.

## III.

We turn next to father's contention that the first judge erred in allowing stepfather to intervene to enforce the assignment, and that the fourth judge erred in allowing the intervention to continue. We perceive no reversible error.

■ Stepfather moved for a permissive intervention under C.R.C.P. 24(b), which gives the trial court considerable discretion in granting or denying the motion. *See Grijalva v. Elkins,* 132 Colo. 315, 287 P.2d 970 (1955). Thus, when a trial court allows intervention, its ruling should not be disturbed absent a showing of abuse of that discretion. *Tekai Corp. v. Transamerica Title Insurance Co.,* 39 Colo.App. 528, 571 P.2d 321 (1977).

■ C.R.C.P. 24(b) provides for permissive intervention when an applicant's claim and the original cause of action present common questions of law or fact, so long as the intervention will not unduly delay or prejudice the rights of the original parties. Further, assignees have been allowed to intervene as the real parties in interest. *Rutenbeck v. Grossenbach,* 867 P.2d 36 (Colo. App.1993).

■ Since there were common questions involved and stepfather had been assigned the right to collect past-due support, we cannot say that the court abused its discretion in allowing the intervention. *See State ex rel. Utah State Department of Social Services v. Sucec, supra* (intervention allowed).

The delay and expanded scope of the disputes attributable to the extreme litigiousness of stepfather could not necessarily have been predicted at the time of the original intervention request. Also, in light of the fact that father did not object at the time, we cannot say that stepfather's failure to file a pleading with his motion compels reversal. *See* C.R.C.P. 24(c); *cf. Capitol Industrial Bank v. Strain,* 166 Colo. 55, 442 P.2d 187 (1968) (parties have a right to rely on C.R.C.P. 24(c) as written, and it is the duty of trial courts to enforce rule whenever a party timely objects).

Nor do we perceive any error or abuse of discretion with respect to the order entered by the fourth judge allowing a continuing limited intervention.

It appears that the fourth judge allowed stepfather to resolve only the support arrearage existing as of December 31, 1994, which was determined to be $3549.38, and included principal amounts accruing after the date of intervention. Therefore, the fourth judge was, in effect, implementing the second judge's determination that stepfather's intervention was limited to that arrearage.

Having determined that the right to past-due support can be assigned and that there was no error here in the court's allowing stepfather to intervene as assignee, we also reject father's related contention that stepfather could not use wage assignments and invoke the court's contempt powers in his attempt to enforce collection of the past-due amounts owed. *See Hamilton v. Regan,* 938 P.2d 282 (Utah 1997) (affirming contempt judgment brought by private child support collection agency with assignment for past-due support).

### IV.

Father next contends that the fourth judge erred in reinstating stepfather's motion for issuance of a contempt citation against him. We agree in part.

Since the right to collect the arrearage had been assigned to stepfather, he could pursue collection as to the arrearages existing as of December 31, 1994. However, mother had no concurrent right to enforce that same collection. Accordingly, inasmuch as the contempt related to arrearages as of December 31, 1994, the court did not err in reinstating the motion for contempt citation and striking the designation of mother as a party.

Similarly, because the contempt related to the violation of an order to pay a $200 attorney fee award, stepfather could pursue contempt remedies for its enforcement. The attorney fees had been assessed against father in connection with pre-1990 child support, and the attorney had assigned the right to collection to stepfather and mother, who had paid the support amounts in the first instance. Since mother had assigned to stepfather her right to collect such fees, stepfather had the right to enforce such collection through a motion for issuance of a contempt citation.

However, portions of the contempt motion exceeded the limitation that had been placed on stepfather's intervention. Since stepfather was prohibited from resolving any arrearage arising after December 31, 1994, he had no right to collect arrearages accruing after that date. In addition, all efforts by him to enforce parenting time and payment of life insurance through the motion for contempt citation were clearly beyond the scope of his limited intervention.

We reject stepfather's contention that father's alleged failure to exercise parenting time was not a custody issue, but rather related only to the calculation of the child support arrearage. This was simply a misguided attempt by stepfather to circumvent the procedures for determining parenting time.

Thus, we conclude that the court erred in reinstating these three portions of the motion for issuance of contempt citation.

Since some portions of the motion for contempt citation were properly reinstated, however, we reject father's related contention that the court erred in striking the $1030 attorney fee award previously entered by the third judge. Because these fees were for father's defense of stepfather's motion for contempt citation, portions of which were

properly reinstated, the award of attorney fees lacked an appropriate basis and could not stand. *See Rossman v. Seasons at Tiara Rado Associates,* 943 P.2d 34 (Colo.App.1996) (if underlying judgment is reversed, award of attorney fees and costs must be vacated).

### V.

Father also contends that the court erred in vacating the judgment of contempt previously entered against stepfather. We agree.

The sentence of contempt imposed by the third judge was based on a finding that stepfather had violated the second judge's order prohibiting stepfather from filing further pleadings once the current arrearage dispute was resolved. The fourth judge vacated the judgment based on a determination that the third judge had failed to:

> make findings regarding which documents filed with the Court by [stepfather] were contrary to court order; that [stepfather] understood the nature of the documents he could not file; that [stepfather] willfully failed or refused to obey the court order; and that [stepfather's] conduct was offensive to the authority and dignity of the Court (since it was a punitive contempt).

■ However, the third judge had in fact made extensive oral findings on all these points, although it appears that the parties may not have provided the fourth judge with a transcript of those findings. The findings specifically identified several actions and filings of stepfather that violated the order entered by the second judge. These included a motion to quash notices to set, a motion for sanctions, and a motion for modification of child support.

Thus, because the court's reasons for vacating are in error, the order vacating the judgment of contempt cannot stand.

■ Father also requests reinstatement of the awards of attorney and witness fees which were made at the hearing in connection with the contempt. Although the June 1996 order refers to a minute order for payment of $5140 in attorney fees, that order was apparently never signed by the court. Accordingly, it was not "entered," could not

properly have been "vacated," and cannot now be subject to reinstatement.

### VI.

Father next contends that the trial court lacked jurisdiction to enter some of the orders challenged here because the scope of the remand order from this court limited the court's jurisdiction to reconsideration of the judgment of contempt against stepfather. He argues that the time for appeal of the other orders had expired and that allowing the use of C.R.C.P. 60 to circumvent the appeals process was error. We disagree.

■ Stepfather's motion for remand filed in the first appeal related, ostensibly, only to the third judge's contempt judgment, since that was the order being appealed. However, in the motion for remand, stepfather explained that that contempt judgment was based on a finding that the second judge's order had been violated. Thus, possible review of the second judge's order was adequately encompassed within the remand order.

■ Furthermore, the original order granting the intervention formed the basis for the later order in 1996 limiting the intervention. Although the original 1990 order allowing the intervention was interlocutory when issued, *see Groendyke Transport, Inc. v. District Court,* 140 Colo. 190, 343 P.2d 535 (1959) (order allowing intervention is not appealable), it can now be appealed in connection with the final orders subject to review here.

### VII.

Father's final contention on appeal is that the court erred in denying his motion for change of custody and for modification of child support. We agree that this issue must be addressed on remand.

■ Since one factor in the calculation of support is the percentage of time the child spends with each parent, any modification of child support here depended on the ruling on the motion for change of custody. *See* § 14–10–115(14), C.R.S.1997. There is no indication that the trial court, in denying the custo-

dy motion, considered the factors in § 14–10–124(1.5), C.R.S.1997, concerning the best interests of the child. Also, the trial court made no findings that enable us to determine the grounds for the denial of the motion, or whether the decision was supported by competent evidence. Accordingly, a remand is necessary for entry of appropriate findings. *See In re Marriage of Finer,* 920 P.2d 325 (Colo.App.1996). Because the child is now emancipated, however, portions of the motion may be moot.

The cause is remanded for reconsideration of the motion for change of custody and for modification of child support. The judgment of contempt against stepfather is reinstated. The trial court's order striking the portions of stepfather's motion for contempt citation relating to 1995 arrearages, parenting time, and life insurance is affirmed, and the remainder of that order is reversed. In all other respects, the orders certified as final by the fourth court judge are affirmed.

NEY and MARQUEZ, JJ., concur.