**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 99-50537

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY LYNN BRANCH,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Texas, Waco Division
(98-CR-104-ALL)

_____

May 5, 2000

Before WIENER, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Tommy Branch appeals his conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), as well as his two convictions for criminal contempt under 18 U.S.C. § 401(1) and (3). We affirm Branch's conviction for possession with intent to distribute methamphetamine, but reverse his convictions for criminal contempt.

Branch alleges only one point of error with regard to his conviction for possession with intent to distribute methamphetamine: He contends that the district court erred in

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

failing to order the government to disclose the identities of its confidential informants. This argument is without merit. The government ordinarily is entitled to keep the names of its informants confidential.[1] Although this privilege must yield under certain circumstances,[2] it is virtually absolute when an informant is shown to be a "mere tipster."[3] The informants at issue in the instant case did no more than tell the police that they had seen Branch and his brother in possession of and selling methamphetamine. There is no reason to believe, as Branch contends, that any of these informants would have been able to testify as to the ownership of the various methamphetamine-filled containers that the police found in Branch's house. The district court did not err in refusing to order the government to disclose the identities of the informants.

Branch's convictions for criminal contempt present closer questions. Branch, who represented himself pro se at trial, repeatedly re-asked questions to which objections had been made and sustained. After being warned that he would be held in contempt if he again re-asked a question to which an objection had been sustained, the following colloquy ensued:

> Branch (questioning a witness): Have you ever sold him any drugs, Mr. Briscoe?
>
> A:  No, I haven't

---

[1] Roviaro v. United States, 353 U.S. 53, 60 (1957).

[2] Id at 60-61.

[3] United States v. Cooper, 949 F.2d 737, 749 (5th Cir. 1991).

Branch: You've never sold him no drugs?

A: (Shaking head).

Branch: Are you aware of a murder that he did that he hasn't been prosecuted for?

Mr. Snyder (the prosecutor): What has this got to do with anything, Your Honor?

The Court: I can't imagine. Sustain the objection, not relevant.

Branch: But you've never sold Mr. Harmon any drugs?

A: No.

The Court: Mr. Branch, you are now in contempt of Court.

Branch was convicted of criminal contempt under 18 U.S.C. § 401(3), which allows any court of the United States to punish an individual for "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."

Branch challenges the sufficiency of the evidence to sustain his conviction under Section 401(3). "A criminal contempt conviction for disobedience of a court order requires proof beyond a reasonable doubt of: (1) a reasonably specific order, (2) violation of the order, and (3) the willful intent to violate the order."[4] To uphold the conviction, the order must be clear and unambiguous, with any ambiguity being resolved in favor of the defendant.[5]

In the instant case, the only thing that the court's order

---

[4] Matter of Hipp, Inc., 5 F.3d 109, 112 (5th Cir. 1993) (citations omitted).

[5] Cooper v. Texaco, Inc., 961 F.2d 71, 72 (5th Cir. 1992).

3

unambiguously prohibited Branch from doing was re-asking the witness any questions concerning his knowledge of an alleged unprosecuted murder. It may be that the district court intended its order to cut short Branch's entire line of questioning on the grounds that it was irrelevant, but it cannot be said that the court's order unambiguously conveys such a prohibition. Branch's conviction under 18 U.S.C. § 401(3) is therefore reversed.

We also reverse Branch's conviction for criminal contempt under 18 U.S.C. § 401(1). In response to a plea made by the prosecutor that Branch hurry along his questioning of a witness, Branch responded: "Hey, all I've got to do today is play Spades with a bunch of niggers, you can wait." Branch's remark was contemptuous in a broad sense, but nevertheless it was not properly subject to sanctions under Section 401(1). "Four elements must be proven beyond a reasonable doubt to show a violation of Section 401(1): (1) misbehavior, (2) in or near the presence of the court, (3) with criminal intent, (4) that resulted in an obstruction of the administration of justice."[6] Branch's comments clearly constituted misbehavior in the presence of the court. There is no evidence in the record, however, indicating that Branch's racially offensive, flippant remark resulted in an actual obstruction of the administration of justice. To demonstrate an obstruction of the administration of justice, it must at a minimum be shown that "the

---

[6] American Airlines, Inc. v Allied Pilots Ass'n, 968 F.2d 523, 531 (5th Cir. 1992).

**4**

defendant's conduct had an effect on the proceedings."[7] "[O]bstruction can be shown by establishing that the defendant's acts delayed the proceedings, made more work for the judge, induced error or imposed unnecessary costs on the other parties."[8] Branch's outrageous wisecrack did not have such a serious effect on the proceedings in the district court; the record indicates that it caused no more than a momentary disruption, and as such it was not properly subject to the severe sanction of a conviction for criminal contempt under 18 U.S.C. § 401(1).

For the reasons given, Branch's conviction for possession with intent to distribute methamphetamine is affirmed, and his two convictions for criminal contempt are reversed.

AFFIRMED IN PART, REVERSED IN PART.

---

[7] Id at 532; see also In re McConnell, 370 U.S. 230, 234 (1962).

[8] American Airlines, 968 F.2d at 532.