United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 04-30814

———————————————

Heather C. Viator,

Plaintiff - Appellee,

versus

Wendell Miller, Individually and in his official capacity as Judge of the 31st Judicial District
Court; et al,

Defendants,

Wendell Miller, Individually and in his official capacity as Judge of the 31st Judicial District
Court,

Defendant - Appellant.

————————————————————————————

Appeal from the United States District Court
For the Western District of Louisiana
(No. 2: 03-CV-1273-PM-APW)

————————————————————————————

Before GARWOOD, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Judge Wendell Miller of the Louisiana 31st Judicial District Court appeals the imposition of

contempt sanctions by the United States District Court for the Western District of Louisiana. Judge

Miller was sanctioned in connection with his violation of a consent judgment prohibiting contact with

———————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

appellee Heather Viator for the duration of her employment discrimination action against him. Judge Miller contends for the first time on appeal that the $500 fine and gag order were criminal sanctions imposed in violation of his due process rights and were not supported by the evidence. We now affirm the judgment of the district court.

Although the gag order was clearly a civil contempt sanction, the $500 fine constitutes a criminal contempt sanction because it was punitive rather than coercive or remedial. *Smith v. Sullivan*, 611 F.2d 1050, 1052 (5th Cir. 1980); *see also* 3A CHARLES A. WRIGHT, NANCY J. KING & SUSAN R. KLEIN, FEDERAL PRACTICE AND PROCEDURE § 704 (3d ed. 2004). However, it was a "petty fine" that "the district court has been traditionally allowed to impose in a summary manner." *Crowe v. Smith*, 151 F.3d 217, 228 (5th Cir. 1998). The actions taken by the district court were sufficient to fulfill the notice and opportunity to be heard requirements that are necessary to satisfy due process. *Taylor v. Hayes*, 418 U.S. 488, 498–99 (citing *Groppi v. Leslie*, 404 U.S. 496, 502–03 (1972)). In any event, Miller made no objection below, either before or during the contempt hearing or in his motion for reconsideration of the judgment of contempt, that his rights as a criminal defendant were violated, and even if there were plain error in this respect, we would nonetheless decline to reverse because affirmance would not seriously affect the fairness, integrity or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 736 (1993).

Miller's sufficiency of the evidence claim fails because the evidence before this Court supports the finding that Miller willfully violated a clear and unambiguous order. *Cooper v. Texaco, Inc.*, 961 F.2d 71, 72 n.3 (5th Cir. 1992). Miller's remaining claims are without merit. We AFFIRM Miller's contempt sanctions.