NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2503
_____

JEFFRY S. PEARSON;
ALLEN L. FEINGOLD,
                            Appellants

v.

MARK W. TANNER; THERESA ALLEN; JERRY ALLEN, H/W;
FELDMAN, SHEPHERD, WOHGELHERTNER, TANNER, WEINSTOCK & DODIG,
LLP

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 12-cv-00798)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted Under Third Circuit LAR 34.1(a)
January 17, 2013

_____

Before: SMITH, CHAGARES and BARRY, Circuit Judges

(Opinion Filed:   February 5, 2013)

_____

OPINION
_____

BARRY, Circuit Judge

        Suspended attorney Jeffrey Pearson and disbarred attorney Allen Feingold

("Plaintiffs") appeal from a Rule 12(b)(6) dismissal of their declaratory judgment action against their former clients, Theresa and Jerry Allen; the Allens' current lawyer, Mark Tanner; and Mr. Tanner's firm, Feldman, Shepherd, Wohgelhertner, Tanner, Weinstock & Dodig, LLP. Plaintiffs seek a declaration that they are entitled to recover, in *quantum meruit*, the reasonable value of legal services provided to the Allens before Plaintiffs' suspension and disbarment. We will affirm.

## I. Background[1]

In 2003, Mr. Feingold entered a contingency-fee contract to represent the Allens in a medical malpractice case. In 2007, he "associated with and transferred responsibility" for the Allens' litigation and the contingency-fee arrangement to Mr. Pearson. Mr. Pearson represented the Allens until June of 2009, at which point he "associated with and transferred responsibility" to Theodore Schwartz, Esquire. Then, in October of 2009, the Allens discharged Mr. Schwartz and retained Mr. Tanner and his law firm to continue prosecuting their medical malpractice claim.

After Mr. Tanner rebuffed requests to protect Plaintiffs' claims against any recovery the Allens might ultimately obtain, Plaintiffs filed a declaratory judgment action seeking a declaration that they are entitled to recover the reasonable value of attorneys' fees in *quantum meruit* in connection with their former legal representation of the Allens. Defendants moved to dismiss and submitted copies of public records establishing that Mr.

---

[1] The facts are taken from the complaint with the exception of facts relating to Mssrs. Pearson and Feingold's disciplinary histories, which are taken from public records

2

Feingold was suspended from the practice of law on March 30, 2006, and disbarred on August 22, 2008, and that Mr. Pearson was suspended for four months effective May 28, 2009, and later for twenty months effective June 28, 2011. The District Court dismissed the case on April 25, 2012. Plaintiffs timely appealed.

## II. Jurisdiction & Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 2201 and § 1332. We have jurisdiction under 28 U.S.C. § 1291. Our review of an order granting a Rule 12(b)(6) dismissal is plenary. *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). We must decide whether the complaint[2] contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although we must accept as true all of the complaint's allegations and reasonable inferences drawn therefrom, we "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). "[C]ourts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable. We do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner." *Doug*

---

attached to Defendants' motion to dismiss.
[2] A court may also look to exhibits attached to the complaint, matters of public record, and records of which the court may take judicial notice. *McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d

3

*Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (quoting *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)).

### III. Analysis

#### A. Claims Against Mr. Tanner and His Firm

Under Pennsylvania decisional law, a *quantum meruit* cause of action does not lie against unrelated successor counsel. *See Mager v. Bultena*, 797 A.2d 948, 955 (Pa. Super. Ct. 2002) ("[The initial] attorney . . . does not have a *quantum meruit* action against the attorney who ultimately settles the case.") (quoting *Fowkes v. Shoemaker*, 661 A.2d 877, 879 (Pa. Super. Ct. 1995)); *see also In re LaBrum & Doak, LLP*, 225 B.R. 93, 105–06 (Bankr. E.D. Pa. 1998) (stating "Pennsylvania law is clear that a *quantum meruit* cause of action does not lie against an unrelated successor attorney"); *Cherry v. Zucker*, 57 Pa. D. & C. 4th 33, 38 (Com. Pl. 2002), *aff'd,* 817 A.2d 1172 (Pa. Super. Ct. 2002) (stating that an action in *quantum meruit* cannot be maintained by a dismissed attorney against successor counsel) (citing *Cherry v. Weiss,* 118 Del. Co. 117 (2000), *aff'd,* 754 A.2d 13 (Pa. Super. Ct. 2000), *app. den.,* 2000 WL 987134 (Pa. 2000)).

Plaintiffs' argument to the contrary relies improperly on dicta from *Johnson v. Stein*, 385 A.2d 514 (Pa. Super. Ct. 1978), and a later case citing that dicta, *Feingold v. Pucello*, 654 A.2d 1093 (Pa. Super. Ct. 1995). In *Johnson*, the Superior Court affirmed the dismissal of an attorney's claim for an equitable charging lien on a former client's recovery and suggested the possibility of pursuing an unjust enrichment action against

Cir. 2004)).

4

successor counsel. *Johnson*, 385 A.2d at 515. This suggestion was later repudiated. *See Styer v. Hugo*, 619 A.2d 347, 351 (Pa. Super. Ct. 1993) ("[T]he appellant [in *Johnson*] had never sought recovery on a theory of unjust enrichment at any point in either the trial court or on appeal. The *Johnson* Court's gratuitous speculation as to whether appellant might be able to pursue such a theory at a later time is pure dicta."), *aff'd*, 637 A.2d 276 (Pa. 1994); *see also Fowkes*, 661 A.2d at 880 (citing *Johnson* and explaining that any suggestion of *quantum meruit* recovery against successor counsel was "pure dicta"). Furthermore, both *Johnson* and *Feingold* are factually distinct from the present case. *Johnson* involved a lawsuit between two attorneys who practiced in the same firm. *Feingold* involved a lawsuit between an attorney and former client. Neither involved a lawsuit between the initial attorney and unrelated successor counsel. Plaintiffs fail to identify a single Pennsylvania case that supports their *quantum meruit* claim against Mr. Tanner and his firm.

## B. Claims Against the Allens

No Pennsylvania court has addressed whether a suspended or disbarred attorney is entitled to recover from a former client, in *quantum meruit*, the value of legal services rendered pursuant to a contingency-fee contract prior to the attorney's suspension or disbarment.[3] Courts in other jurisdictions addressing this issue have employed one of two

---

[3] Plaintiffs contend that framing the case's central issue in this manner relies on improper speculation because the complaint alleges that the Allens' case was "transferred" to another attorney and there is no mention of Plaintiffs' disciplinary histories. This is a frivolous contention. Although a court must assume the truth of a plaintiff's factual

approaches. Under the first approach, an attorney's suspension or disbarment is treated as a voluntary withdrawal or abandonment, amounting to a material breach of the parties' contract and precluding recovery under the contract or on a *quantum meruit* theory. *See Fletcher v. Krise*, 120 F.2d 809 (D.C. Cir. 1941); *In re Woodworth*, 15 F. Supp. 291 (S.D.N.Y. 1936); *Royden v. Ardoin*, 331 S.W.2d 206 (Tex. 1960); *Sympson v. Rogers*, 314 S.W.2d 717 (Mo. 1958); *Davenport v. Waggoner*, 207 N.W. 972 (S.D. 1926). Under the second approach, an attorney's suspension or disbarment is seen not as voluntary abandonment, but, rather, as an automatic termination of the attorney-client relationship by operation of law, akin to incapacitation from illness or death, which, under the theory of impossibility, or frustration of contractual purpose, excuses nonperformance and allows recovery for partial performance. *See, e.g., Cooper v. Texaco, Inc.*, 961 F.2d 71 (5th Cir. 1992); *Eisenberg v. Gen. Motors Acceptance Corp.*, 761 F. Supp. 20 (E.D. Pa. 1991); *West v. Jayne*, 484 N.W.2d 186 (Iowa 1992); *Stein v. Shaw*, 79 A.2d 310 (N.J. 1951); *Rutenbeck v. Grossenbach*, 867 P.2d 36 (Colo. App. 1993); *Delbecarro v. Cirignani*, 633 N.E.2d 981 (Ill. App. Ct. 1994); *Padilla v. Sansivieri*, 815 N.Y.S.2d 173 (N.Y. App. Div. 2006). Recovery is disallowed under the second approach, however, if

---

allegations on a motion to dismiss, it is not required to accept as true unsupported conclusions or unwarranted inferences. *See Doug Grant*, 232 F.3d at 183–84 (3d Cir. 2000). The District Court was not required to ignore the public disciplinary records which clearly demonstrate that Mr. Feingold was suspended from the practice of law in Pennsylvania on March 30, 2006, and Mr. Pearson, on May 28, 2009. The Court's framing of the issue, therefore, was not based on assumptions or speculation, but on the fact that, as a result of their suspensions, Mssrs. Pearson and Feingold could no longer represent the Allens.

6

the misconduct leading to disciplinary action is not wholly unrelated to the representation for which compensation is sought.

The District Court adopted the first approach. We need not, however, decide which is the better of the two approaches, much less endorse one over the other, because under either one, Plaintiffs' claims fail. Under the first approach, the disciplinary actions taken against Plaintiffs constituted a material breach of their respective contracts with the Allens, barring any and all recovery. Under the second approach, Plaintiffs cannot recover because the public disciplinary documents[4] strongly suggest that the wrongful conduct leading to Mr. Feingold's suspension and ultimate disbarment and Mr. Pearson's suspension was related to their representation of the Allens. Mr. Feingold was disbarred for continuing to engage in law-related activities after his suspension in 2006. According to the complaint, he did not transfer the Allen case to Mr. Pearson until 2007. Mr. Pearson was suspended for actively assisting Mr. Feingold, a suspended and later disbarred attorney, in the unlawful practice of law from late 2007 until May 2009. This time period coincides with Mr. Pearson's representation of the Allens.

---

[4] The District Court was suitably taken aback by the "glaring absence" of Plaintiffs' disciplinary histories from their complaint. In 2006, Mr. Feingold was suspended from the practice of law in Pennsylvania for five years for, *inter alia,* "filing frivolous claims of fraud and civil conspiracy against opposing counsel." *Feingold v. Hendrzak,* 15 A.3d 937, 939 n.1 (Pa. Super. Ct. 2011). He was disbarred on August 22, 2008, because he "failed to notify his clients of [the earlier] disciplinary action and continued practicing law while suspended." *Id.; see also Feingold v. Office of Disciplinary Counsel,* 415 F. App'x 429, 430 (3d Cir. 2011). Mr. Pearson was suspended for actively assisting Mr. Feingold in the unauthorized practice of law. *Office of Disciplinary Counsel v. Pearson*, No. 1410 Disciplinary Docket No. 3 (Pa. 2011).

## IV. Conclusion

We will affirm the order of the District Court.